KAREN PFENDLER, Plaintiff-Appellant, *v.* ANSHE EMET DAY SCHOOL *et al.*, Defendants-Appellees.

First District (1st Division)    No. 79-541

Opinion filed February 11, 1980.—Rehearing denied March 17, 1980.

Laurence H. Kallen, of Chicago, for appellant.

Samuel Edes, of Edes & Rosen, of Chicago (Claire I. Rosen and William N. Anspach, of counsel), for appellee Anshe Emet Day School.

Elmer Gertz, of Chicago (Stewart M. Weltman, of counsel), for appellee Frederick B. Nathan.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Karen Pfendler (plaintiff) brought suit against Anshe Emet Day School (defendant school) for breach of contract, and against Frederick S. Nathan (defendant Nathan), director of the school, for wrongful inducement of defendant school's breach of contract. On motion of the defendants, the trial court dismissed plaintiff's second amended complaint with prejudice for failure to state a cause of action. The plaintiff appeals.

In this court, plaintiff contends her second amended complaint raises factual issues not susceptible to dismissal upon motion; the Code of Practice of defendant school contractually binds its teachers; failure of the school to follow procedures in the Code may result in liability to the teachers; tenure provides protection to teachers and charges by the defendant school cannot be trivial; and plaintiff's employment may not be terminated in an arbitrary or capricious manner.

It appears from the allegations of plaintiff's second amended complaint that plaintiff had been employed as a teacher by defendant school's private day school since the 1970-1971 school year. The most recent annual contract, for 1976-1977, incorporated by reference the Code of Practice, as adopted by defendant school on February 4, 1975. According to the clear and unambiguous provisions of this Code, plaintiff acquired tenure after her first "two (2) consecutive years of full-time or part-time teaching." Plaintiff received a letter from defendant Nathan, dated March 30, 1977. It stated defendant school would not renew plaintiff's teaching contract. This letter stated six detailed charges against plaintiff such as failure to relate to parents in a professional manner; voicing complaints in violation of the Code; berating other members of the staff for cooperating with the administration; resisting the set school curriculum; tutoring a child in class; spreading false information about school policy and programs; all on a continuous basis for at least five years and failure to rectify these matters despite opportunities.

Following the procedure stipulated in the Code on "Grievance Procedure," plaintiff sent to the school a denial of the charges and timely formal grievance. This grievance was denied by defendant Nathan. Plaintiff appealed to the board of trustees. After a meeting with a committee of three members designated by the board of trustees in accordance with the Code, plaintiff's appeal was denied. The Code provides:

> "The decision of the Board [of Trustees] or its designated committee shall be final."

The Code contains a complete statement of a grievance procedure which was available to every tenured teacher including plaintiff. The Code provides for initial discussion between the complainant and the director or his assistant in an effort to obtain an informal resolution. The next step is reduction of the complaint to a formal grievance and presentation to the director. The director is to convene a grievance meeting between the grievant and the director or his designee and any other persons who, in the opinion of the director or the designee, might contribute to a resolution of the grievance. If the grievant so requests, the director is required to issue a written decision to the grievant, together with supporting reasons, within five school days of the grievance meeting.

There is provision for appeal by the grievant from this decision of the director to the board of trustees within 10 school days after receipt of the decision. Within 10 school days after receiving such appeal, the board or its designated committee shall meet together with the aggrieved teacher, the director or his designee "and any other persons who, in the Board's opinion, may contribute to a just decision on the appeal." The teacher may be represented by legal counsel in cases of discharge. Within 10 days after such meeting the board is to issue a written decision with supporting reasons. As above shown, the Code provides that the decision of the board or its designated committee "shall be final."

For the sake of clarity, we will consider separately the rights of plaintiff as against the two defendants.

## I.

■■ The problem before us concerning plaintiff and defendant school is the legal sufficiency of the first two counts of plaintiff's second amended complaint. The Civil Practice Act provides pleadings are to be liberally construed to do substantial justice between the parties. (Ill. Rev. Stat. 1977, ch. 110, par. 33(3).) A motion to dismiss a complaint for failure to state a cause of action admits as true "all facts properly pleaded * * *." (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790.) However, conclusions need not be accepted in determining the sufficiency of a pleading. (*Chicago Teachers Union v. Board of*

*Education* (1973), 14 Ill. App. 3d 154, 156, 301 N.E.2d 833.) Pleadings themselves should not be the basis for dismissal "unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover." *Fitzgerald*, 72 Ill. 2d 179, 187.

The first two counts of plaintiff's second amended complaint are replete with conclusions. Plaintiff alleges the charges "are of insufficient specificity and consequence"; the charges are "either exaggerated or completely false"; the defendant Nathan "fomented the unrest amongst the teachers which the School has attributed to Plaintiff"; and, "the School's termination of Plaintiff's employment was in bad faith, arbitrary, carpicious [*sic*], unreasonable and unrelated to Plaintiff's abilities as a teacher or the best interests of the school or students."

■■ The law of Illinois requires that a plaintiff's complaint state pertinent facts. This rule is not complied with by the use of language which is purely conclusionary. In *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 375, 282 N.E.2d 723, the court held that an allegation in a structural work case that defendant "had charge and control of" the work was insufficient. Allegations in a complaint describing the conduct of a defendant to be "wilful, wanton, malicious" are insufficient to state a cause of action. (*Plocher v. City of Highland* (1978), 59 Ill. App. 3d 697, 701, 375 N.E.2d 1016.) To state a cause of action based upon actual or constructive fraud, the facts constituting the alleged fraud must be set forth in the complaint. (*Henkaus v. Barton* (1977), 56 Ill. App. 3d 767, 770, 371 N.E.2d 1166, *appeal denied* (1978), 71 Ill. 2d 603.) A general averment that parties were in a principal-agency relationship is a pure legal conclusion. The same is true concerning an allegation regarding the existence of a contract. (*Bray v. Illinois National Bank* (1976), 37 Ill. App. 3d 286, 289-90, 345 N.E.2d 503.) Applying these principles to the second amended complaint before us, we find that it fails to state a cause of action regarding breach by defendant school of the contractual relationship with plaintiff.

■■ However, in our opinion there is a deeper legal infirmity in plaintiff's position which transcends the above principles. We have concluded, and we accordingly hold, that the issue of plaintiff's rights against defendant school, a private institution, is necessarily determined by the terms of the employment contract, including the Code. (*Gras v. Clark* (1977), 46 Ill. App. 3d 803, 807 n.1, 361 N.E.2d 316, *appeal denied* (1977), 66 Ill. 2d 630; *Titchener v. Avery Coonley School* (1976), 39 Ill. App. 3d 871, 876, 350 N.E.2d 502.) The Illinois School Code of 1961 (Ill. Rev. Stat. 1977, ch. 122, pars. 1—1 *et seq.*) has no materiality or application to the instant case. The title of this legislation is stated as "An Act in relation to the establishment, operation and maintenance of public schools * * *." The parties hereto

agree that their rights and duties are determined by the provisions of the Code above summarized.

Able counsel for the parties have filed lengthy and detailed briefs regarding the above contentions of plaintiff. Numerous authorities have been cited including many cases from other States. However, under our view of this case, as above expressed, we need not consider plaintiff's contentions in detail and we need not comment upon the many authorities cited by the parties.

For example, plaintiff has attempted to expand the definition and protection of her tenure status. It is agreed by the parties that plaintiff's grievance was advanced through the proper procedure, including the final decision of separation. Any further demands allegedly made by the plaintiff upon defendant school were not justified by any Code provision. See *Rymer v. Kendall College* (1978), 64 Ill. App. 3d 355, 362, 380 N.E.2d 1089, *appeal denied* (1979), 72 Ill. 2d 585.

■■ In addition, plaintiff contends she is entitled to a trial de novo on her termination. We disagree. In the analogous situation of public school teachers, the Administrative Review Act provides agency findings and conclusions on questions of fact are "prima facie true and correct." (Ill. Rev. Stat. 1977, ch. 110, par. 274.) Even under that Act, no trial de novo is permitted. A reviewing court is limited to a determination of "whether the final decision of the administrative agency is just and reasonable in light of the evidence presented." (*Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 471, 269 N.E.2d 713, *cert. denied* (1971), 403 U.S. 918, 29 L. Ed. 2d 695, 91 S. Ct. 2229.) Furthermore, to grant plaintiff a trial de novo would be contrary to the express terms of the applicable Code provision that the decision of the board of trustees is final. We conclude that plaintiff has no right to a trial de novo.

■■ Plaintiff further contends that the decision to terminate is subject to collateral review. However, this argument is negated by the clear Code provision above quoted clothing the decision of the Board or its designated committee with complete finality. In a case quite similar to the instant case, this court held it "will not relieve [plaintiff] of these [contractual] terms and obligations created by [plaintiff's] own doing by collaterally reviewing the proceedings of the forum of the plaintiff's own choice and reexamining the facts." (*Koch v. Board of Trustees* (1962), 39 Ill. App. 2d 51, 57, 187 N.E.2d 340, *cert. denied* (1964), 375 U.S. 989, 11 L. Ed. 2d 475, 84 S. Ct. 523.) As with the issue of tenure rights, it is the employment agreement which governs the termination and the grievance procedures available to the plaintiff. In the instant case, all of the relevant contractual provisions were complied with.

■■ Plaintiff voluntarily entered into the employment contract with

defendant school. She agreed thereby to the specified rules and procedures for causes of discharge, for termination, for tenure rights, and for grievances, including the finality of the decision of the board of trustees or its designated committee. (*Koch,* 39 Ill. App. 2d 51, 56.) In our opinion, plaintiff received all rights due her under her contract which incorporated the Code. We conclude plaintiff failed to allege any breach of contract or violation of the Code by defendant school and therefore plaintiff's second amended complaint failed to allege a cause of action against said defendant in counts I and II thereof. *Koch,* 39 Ill. App. 2d 51, 56.

## II.

Count III of plaintiff's second amended complaint sets forth her allegations against defendant Nathan, director of the defendant school. Plaintiff did not designate Nathan as a defendant until the filing of her second amended complaint. Count III of this complaint originally alleged that defendant Nathan published false oral and written charges of incompetency against plaintiff, thereby damaging her reputation. To the extent that this count, filed August 7, 1978, attempts to state a cause of action for defamation, it would have been barred by the one-year statute of limitations. (Ill. Rev. Stat. 1977, ch. 83, par. 14.) One year and three months had elapsed between the alleged publications and the filing of the second amended complaint. However, the order dismissing the second amended complaint directed that count III be deemed amended to allege that said actions were taken by defendant Nathan with the "intent to cause the School * * * to unjustifiably and illegally terminate plaintiff's employment," and this "amounted to a wrongful inducement to the School's breach of contract." Consequently, plaintiff contends count III states a wrongful inducement charge against defendant Nathan.

■■ The essential elements of this tort in Illinois are (*Stevenson v. ITT Harper, Inc.* (1977), 51 Ill. App. 3d 568, 579, 366 N.E.2d 561, *appeal denied* (1977), 66 Ill. 2d 642, quoting from *Zamouski v. Gerrard* (1971), 1 Ill. App. 3d 890, 897, 275 N.E.2d 429):

" '(1) The existence of a valid and enforceable contract, (2) The defendant's knowledge of the existing contract, (3) Intentional and malicious inducement of the breach, (4) The subsequent breach by the third person due to defendant's wrongful conduct, and (5) Damage to the plaintiff.' "

■■ Under the view which we take of this case, the rights of plaintiff and defendant Nathan are governed by the result above reached that there has been no breach of the contract between plaintiff and the defendant school. All rights of plaintiff under her agreement and the Code regarding tenure, evaluation, termination, and the grievance procedure were

complied with. Since there was no breach of the contract to which plaintiff was a party, it follows necessarily that defendant Nathan could not conceivably be guilty of inducing a breach of contract. (*Titchener*, 39 Ill. App. 3d 871, 876.) Accordingly, the judgment appealed from is affirmed.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.