KURT A. SPENGLER, Plaintiff-Appellant, v. V & R MARATHON, INC., Defendant-Appellee.

Second District   No. 2—87—0235

Opinion filed November 18, 1987.—Rehearing denied December 30, 1987.

Donald M. Orstrom, of Glen Ellyn, for appellant.

Joseph M. Laraia and Kenneth D. Hubbard, both of Joseph M. Laraia & Associates, P.C., of Wheaton, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Kurt A. Spengler, appeals from the order of the circuit court which granted the motion of defendant, V & R Marathon, Inc., to dismiss plaintiff's complaint for failure to state a cause of action. On appeal, plaintiff contends that the trial court erred when it dismissed his complaint for failure to state a cause of action pursuant to section 2 of the Consumer Fraud and Deceptive Business Practices Act (Act) (Ill. Rev. Stat. 1985, ch. 121½, par. 262). We affirm.

In his complaint, plaintiff alleged as follows:

"2. On or about November 11, 1986, plaintiff brought his Chevrolet station wagon to defendant's place of business in order to have defendant complete the repairs to plaintiff's vehicle which were initiated October 14, 1986, so as to permit the vehicle to pass the Illinois vehicle emission test. Plaintiff's station wagon had failed to pass such a test immediately preceding November 11, 1986.

3. On November 11, 1986, the parties discussed the cost of the work defendant was to perform on plaintiff's station wagon as being in the nature of $150.00 to $200.00.

4. On November 13, 1986, defendant informed plaintiff that plaintiff's station wagon had been repaired and might be picked up at defendant's place of business.

5. Plaintiff's son, Mark, went to defendant's place of business and was told by defendant that he would have to sign the repair order, a copy of which is attached hereto as Exhibit A and made a part hereof, and a credit card charge in order to remove the automobile from defendant's premises.

6. At that time plaintiff learned that instead of a charge by defendant of approximately $150.00 to $200.00, defendant charged plaintiff $743.00 which included a large amount of labor and parts in no way related to the failure of defendant's station wagon to pass the vehicle emission test and which was not authorized by plaintiff or even known to plaintiff to have been provided by defendant.

7. Defendant's conduct constitutes an unfair and deceptive act under Section 2 of the Consumers Fraud and Deceptive

Business Practices Act, Section 262, Chapter 121½, Illinois Revised Statutes."

On February 3, 1987, defendant filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). On February 19, 1987, the court dismissed the complaint and allowed plaintiff 21 days to file an amended complaint. Plaintiff elected to stand on his pleadings, and on February 19, 1987, the court entered an order which dismissed his complaint with prejudice. Plaintiff then filed this timely appeal.

■■ In reviewing an order dismissing a complaint for failure to state a cause of action, this court must accept as true all well-pleaded facts in the complaint, and all reasonable inferences flowing therefrom, and must determine whether, as a matter of law, the complaint states a cause of action. (*Thrall Car Manufacturing Co. v. Lindquist* (1986), 145 Ill. App. 3d 712, 716.) In determining whether a dismissal was proper, a reviewing court is concerned only with the questions of law presented by the pleadings. (*Fancil v. Q. S. E. Foods, Inc.* (1975), 60 Ill. 2d 552, 554.) "[A] cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts could be proved which would entitle the plaintiff to recover." *Thrall Car Manufacturing Co. v. Lindquist* (1986), 145 Ill. App. 3d 712, 716.

On appeal, plaintiff seeks a determination that his complaint properly sets forth a cause of action for unfairness, deception, and false promise, pursuant to the Act. Specifically, plaintiff argues that defendant's decision to charge plaintiff $743, rather than the originally discussed range of $150 to $200, is unfair and comprises an unfair business practice, deception and false promise.

■ The trial court dismissed plaintiff's complaint as not containing sufficient allegations to state a cause of action under the Act, and, therefore, the sole issue before this court is whether plaintiff's complaint sets forth an action under the Act. We agree with the trial court that it does not.

■ Courts in this State have continually held that fraud must be pleaded with specificity and particularity. (*Exchange National Bank v. Farm Bureau Life Insurance Co.* (1982), 108 Ill. App. 3d 212, 215.) A plaintiff must set forth with specificity what representations were made, when they were made, and to whom they were made. (See *Waterford Condominium Association v. Dunbar Corp.* (1982), 104 Ill. App. 3d 371, 376.) While the Act differs from a common law action in fraud (see *People ex rel. Fahner v. American Buyers Club, Inc.* (1983), 115 Ill. App. 3d 759, 761), we are of the opinion that it must be pleaded with the same specificity that has always been a prerequi-

site to an action for common law fraud. (See *Barr Co. v. Safeco Insurance Co.* (N.D. Ill. 1984), 583 F. Supp. 248, 258.) After reviewing plaintiff's complaint, we are of the opinion that it does not meet this requirement of specificity.

In the present case, plaintiff's complaint states that "the parties discussed the cost of the work defendant was to perform on plaintiff's station wagon as being in the nature of $150 to $200." We find this statement too vague to meet the specific pleading requirements that have traditionally accompanied an action for fraud. The term "discussed" is far too ambiguous to lead to a conclusion that defendant did anything unlawful under the Act. One source defines "discuss" as meaning "[t]o speak together about." (American Heritage Dictionary 203 (1983).) Another source defines "discuss" to mean "to investigate by reasoning or argument." (Webster's Third New International Dictionary 648 (1971).) Thus, the term "discussed" does not lead to the conclusion that there was an agreement, an affirmative statement, or even a concealment. And, under the latter definition, the word leads to the conclusion that there could have been no fraud or misrepresentation since both sides were at variance as to what the price was to be.

Finally, the cases which plaintiff has cited are distinguishable in that they all include allegations that set forth agreements which are far more specific than the allegations in plaintiff's complaint. (See *Duncavage v. Allen* (1986), 147 Ill. App. 3d 88, 101; *Duhl v. Nash Realty, Inc.* (1981), 102 Ill. App. 3d 483, 485.) In our opinion, even taking all the complaint's allegations as true, as we must on a motion to dismiss, these allegations do not set forth a cause of action under the Act.

We have considered remanding this case to allow plaintiff an opportunity to amend his complaint. We have, however, rejected this option due to the fact that the trial court has already allowed plaintiff such an opportunity which plaintiff rejected.

Accordingly, for the reasons set forth above the judgment of the circuit court is affirmed.

Affirmed.

LINDBERG, P.J., and REINHARD, J., concur.