WILLIAM PARTON, Plaintiff-Appellant, v. A.L. RANDALL COMPANY, Defendant-Appellee.

Second District   No. 2—88—0104

Opinion filed March 6, 1989.

Robert J. Long and Marcia A. Korducki, both of Law Offices of Robert J. Long, Ltd., of Antioch, for appellant.

Alfred Y. Kirkland, Jr., and Charles F. Haverty III, both of Brady, McQueen, Martin, Collins & Jensen, of Elgin, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, William Parton (Parton), appeals from an order of the circuit court of Lake County which dismissed his one-count complaint for retaliatory discharge against the defendant, A.L. Randall Company (Randall), pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) for failure to state a cause of action. In an order pursuant to Supreme Court Rule 23 (107 Ill. 2d R. 23), we reversed the dismissal on the ground that plaintiff's complaint claiming he was discharged in retaliation for seeking "just compensation" for his work-related injury stated a cause of action where one aspect of the just compensation was a claim for and the settlement of his claim for workers' compensation relying upon *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353.

Defendant filed a timely petition for rehearing contending that we misapprehended the issue raised by plaintiff-appellant in his brief and reply brief, that "plaintiff's complaint does not include an allegation of discharge for filing a workers' compensation claim," and that plaintiff's contention that he was seeking just compensation referred only to "the pursuit of a common-law suit for damages against a nonemployer tortfeasor."

There is no question but that plaintiff argued in his briefs in this case that the violation of a clearly mandated public policy necessary to support a cause of action for retaliatory discharge (*Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 478 N.E.2d 1354) should be expanded to embrace the filing of the common-law negligence action against a nonemployer alleged to be at least partially liable for the plaintiff's injury. Plaintiff's rationale included the fact that such a common-law action is specifically recognized as not being prohibited by section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)). Without question, plaintiff invited us in his briefs to undertake such a determination.

We declined, however, concluding instead that so long as the claim and settlement of his workers' compensation claim were part of the facts underlying his characterization of his conduct as seeking "just compensation," it was error to dismiss the complaint for failure to state a cause of action. Ill. Rev. Stat. 1985, ch. 110, par. 2—615(a).

Nonetheless, we granted defendant's petition for rehearing and ordered plaintiff's response in an effort to determine whether plaintiff's appeal intended to exclude his claim for workers' compensation from his definition of "just compensation" pursuant to defendant's characterization. Plaintiff filed a response but declined to rise to defendant's bait, relying instead on the arguments in his appellant's

brief and reply brief.

We now withdraw the original order filed November 30, 1988, and submit this opinion as our disposition of the appeal. As before, we reverse the judgment of the circuit court and remand the cause for further proceedings.

Plaintiff's complaint alleged that plaintiff, Parton, was employed by defendant, Randall, from approximately March 1984 to August 17, 1987. On July 3, 1984, plaintiff was severely injured while working in defendant's warehouse by coming in contact with an electrical power cord. He filed a workers' compensation claim against his employer. He also filed a common-law negligence action against Marsh Electric Company (Marsh), which had installed the electrical cord. Marsh filed a third-party complaint seeking contribution from plaintiff's employer, Randall. The common-law negligence action was reached for trial on July 20, 1987, and settled on July 23, 1987, along with Marsh's complaint for contribution against Parton and the workers' compensation claim and employer's lien. Plaintiff's complaint further alleged that plaintiff received $10,000 from Marsh in settlement of his common-law negligence action and $37,000 from his employer, Randall. On August 17, 1987, plaintiff was discharged by defendant Randall.

Plaintiff's complaint concluded by alleging that defendant had a duty to refrain from discharging plaintiff in retaliation for his seeking just compensation for injuries received on the job and that the discharge was the proximate cause of injury to the plaintiff for which he seeks compensatory damages in excess of $15,000 and punitive damages in the amount of $100,000.

Defendant Randall filed a section 2—615 motion to dismiss. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) Defendant contended that plaintiff did not allege that he was fired because he filed a workers' compensation claim but, rather, because he sought and obtained just compensation for his injuries. Defendant relied upon *Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 478 N.E.2d 1354, as authority for the proposition that not every constitutional or statutory right is protected by the tort of retaliatory discharge. In *Kelso*, the supreme court reiterated the standard that must be met to implicate the tort of retaliatory discharge, which is the violation of any clearly mandated public policy. Defendant argued in its motion that the complaint must be dismissed because it failed to identify any public policy which is clearly mandated and which was violated by the alleged discharge.

Plaintiff's response to defendant's motion to dismiss was that the complaint arose from the alleged wrongful discharge of plaintiff almost immediately following the settlement of his workers' compensa-

tion action in July 1987. Plaintiff contended that defendant was attempting to misstate the facts set forth in the complaint to support defendant's theory that recovery was sought solely on the basis of the settlement of the third-party claim. Plaintiff contended that his complaint was fully supported as "an action under the penumbra of the retaliatory discharge tort," noting that he pursued parallel workers' compensation and common-law actions.

Plaintiff's response further emphasized that the settlement agreement, which was brought to the attention of the court, demonstrated that the basic thrust of the settlement was that defendant was to pay the sum of $37,000 to plaintiff in addition to waiving any lien it had under the Workers' Compensation Act. Plaintiff noted that in consideration of the payment of the monies, he agreed to dismiss the workers' compensation action without further payment or proceedings, to dismiss the common-law action with prejudice and provide a full and general release to defendant for any claims arising from his injury. Plaintiff also observed that there were also terms with respect to Marsh, but they are not relevant to the issues in the case at bar.

Plaintiff concluded his response by stating that the instant action was premised on all of the facts in the complaint. Plaintiff stated:

"The facts are clear, the defendant fired the plaintiff in retaliation for seeking his rights to recovery under the workers' compensation laws of the State of Illinois. That these rights were and remain inextricably intertwined with the filing and settlement of a third-party action is an intrinsic fact which cannot be brushed aside by the distorted view of the facts that the defendant urges. What is relevant and material in this claim is the entire factual situation regarding the underlying injury, the means and methods of prosecuting a claim for workers' compensation and the facts relating to eventual settlement crowned with the nearly simultaneous discharge of plaintiff for no articulated reasons. The public policy of this State has been clearly pronounced to be the vigorous protection of the injured workers' rights to compensation for his injuries, which rights must be freely exercisable or they are lost. Where defendant has allegedly fired plaintiff for exercising these rights, he has a cause of action."

Finally, defendant replied to plaintiff's response by contending that plaintiff filed a third-party claim which led to a suit back against the employer for contribution which led to the settlement of plaintiff's common-law action. Defendant stated that plaintiff's complaint could only be read to allege the theory that plaintiff was fired for filing the

third-party claim and not because of the filing of the workers' compensation claim. Defendant then argued that in *Buechele v. St. Mary's Hospital* (1987), 156 Ill. App. 3d 637, 509 N.E.2d 744, the court held that the right to file a lawsuit claiming individual injury is a purely personal right and does not involve any clearly mandated public policy. It is no tort to fire an employee because the employee filed a lawsuit, directly or indirectly, against an employer, except in the very limited circumstances of the workers' compensation claim. Defendant concluded that because the complaint was drafted in such a way that would allow recovery on the theory that defendant was liable because it fired plaintiff for filing the third-party complaint, as opposed to a workers' compensation claim, the complaint must be dismissed.

The circuit court found for defendant. Plaintiff appealed, and we now reverse and remand.

In his appellant's brief, plaintiff argued that this State has a clearly mandated public policy of protecting persons from discharge in retaliation for "pursuing remedies" under the Workers' Compensation Act. (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*; *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353; *Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 478 N.E.2d 1354 (and the cases cited therein).) Plaintiff also argued that the clear mandate of public policy extends to the "entire" Workers' Compensation Act, including "all" the provisions of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*). (Ill. Rev. Stat. 1985, ch. 48, par. 138.4(h).) Plaintiff's third and last issue was that he stated a cause of action for retaliatory discharge "by alleging facts" that he was discharged for exercising his rights under section 5 of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5).

Plaintiff describes the nature of the case on appeal as appearing to present a new issue under the retaliatory discharge tort. He described that issue as whether or not an employer has a right to fire an employee for successfully pursuing a common-law suit for damages against a nonemployer tortfeasor.

But, plaintiff also raised in this appeal by clear and unmistakable argument and in the court below that he was discharged for pursuing "just compensation" and that just compensation was not limited to recovery under a common-law suit against a nonemployer, but also recovery for his workers' compensation claim. Plaintiff observed that in his complaint, he alleged facts demonstrating that he was exercising his rights under section 5 to sue a nonemployer tortfeasor for damages *and that he was pursuing a parallel claim for compensation directly against his employer in the Industrial Commission.* Plaintiff

argued that he had "alleged facts" demonstrating that he was discharged in retaliation for his success on the merits of his suits *and claims*, satisfying the tests of *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876, *Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 478 N.E.2d 1354, and *Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 485 N.E.2d 372. Finally, plaintiff distinguished *Buechele v. St. Mary's Hospital* (1987), 156 Ill. App. 3d 637, 509 N.E.2d 744, cited to the trial court by defendant, noting that the case involved a complaint for retaliatory discharge based upon the alleged firing of the plaintiff for suing her employer for libel, slander and negligent infliction of emotional distress. The *Buechele* court concluded that her suit sought to enforce private rights and not clearly mandated public policy as those rights are specifically granted in statutes such as the Workers' Compensation Act.

As we noted in our withdrawn order, the issue on appeal is whether a complaint states a cause of action when it alleges that the plaintiff was discharged in retaliation for his filing a workers' compensation claim against his employer and a common-law negligence action against the nonemployer tortfeasor alleged to be liable, or jointly liable, for the injury received in the course of plaintiff's employment.

■ In adjudicating motions to dismiss a complaint for failure to state a cause of action, the pleadings are to be construed liberally. (*Pfendler v. Anshe Emet Day School* (1980), 81 Ill. App. 3d 818, 821-22, 401 N.E.2d 1094, 1095-96.) Motions to dismiss a complaint for failure to state a cause of action admit as true all facts properly pleaded. (*Pfendler*, 81 Ill. App. 3d at 821-22, 401 N.E.2d at 1095-96.) Pleadings themselves should not be the basis for a dismissal unless it clearly appears that plaintiffs can prove no set of facts which support a recovery. *Pfendler*, 81 Ill. App. 3d at 821-22, 401 N.E.2d at 1095-96.

■ The Illinois Supreme Court first recognized the tort of retaliatory discharge in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353. The requirements for this tort are met when an employee is fired for participating in an activity which public policy supports. (*Kelsay*, 74 Ill. 2d at 181, 384 N.E.2d at 357.) Our supreme court has devised a test to determine whether a complaint states a cause of action for retaliatory discharge:

> "The test *** is whether the public policy clearly mandated by the cited provisions is violated by the plaintiff's discharge. [Citation.] The application of this test necessarily involves determining what the public policy is behind the enactment or adop-

tion of the particular provision." *Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 527, 478 N.E.2d 1354, 1357.

Terminating an employee for pursuing rights under the Workers' Compensation Act (Act) violates public policy (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353) and is therefore actionable in tort. *Barr,* 106 Ill. 2d at 525, 478 N.E.2d at 1356.

■ Plaintiff did not allege in his complaint, as defendant attempts to convince us, that he was discharged only because the non-employer-tortfeasor Marsh filed a complaint against defendant Randall for contribution. Nor did plaintiff limit his allegation to being discharged for filing the common-law negligence claim against Marsh as defendant argues. Rather, plaintiff claimed he was discharged in retaliation for seeking "just compensation" for the injuries he sustained in the course of his employment which was sought by means of a workers' compensation claim and a common-law negligence action (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b)), the former being specifically authorized, and the latter being specifically not prohibited by the Act. Ill. Rev. Stat. 1987, ch. 48, par. 138.5.

We recognize that counsel for the parties are anxious for a resolution of the issue of whether the tort of retaliatory discharge exists for "taking" (filing) a common-law action against someone other than the employer which section 5(b) of the Workers' Compensation Act states "may be taken." (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b).) However, we need not and do not decide whether issues arising out of the filing of the common-law action would support a cause of action for retaliatory discharge because the instant complaint included an allegation of discharge for filing a workers' compensation claim which, in itself, supports a cause of action for retaliatory discharge. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353.) We realize that plaintiff put almost all of his eggs in the common–law–negligence-action basket in his appellate briefs, perhaps hoping for the sought-after resolution. Nonetheless, his complaint and response and his briefs in this court also relied squarely on the "facts alleged" in his complaint and the precedent established by *Kelsay* that the filing of a workers' compensation claim is protected as a public policy of this State.

Finally, we note that plaintiff failed to avail himself of the provisions of Supreme Court Rule 367 (113 Ill. 2d R. 367) by filing a petition for rehearing, or by supporting the argument in defendant's petition for rehearing that this court misapprehended the issues on appeal. We conclude, therefore, that plaintiff acquiesced in our conclusion that in the trial court and on appeal he sufficiently alleged and

argued the fact of recovery for this workers' compensation claim to form a sufficient basis on appeal for a reversal of the judgment of dismissal of the circuit court.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

UNVERZAGT, P.J., and REINHARD, J., concur.