AMORFINA BRAGADO, Plaintiff-Appellant, v. CHERRY ELECTRICAL PRODUCTS CORPORATION *et al.*, Defendants-Appellees.

Second District   No. 2—89—0079

Opinion filed November 17, 1989.

G. Douglas Grimes, of Law Offices of G. Douglas Grimes, of Waukegan, for appellant.

Carol L. VanHal ˙and John P. Jacoby, both of Vedder, Price, Kaufman & Kammholz, and Barry L. Kroll, Lawrence K. Rynning, and Lloyd E. Williams, Jr., all of Williams & Montgomery, Ltd., both of Chicago, for appellee Scott Wetzel Services.

Carol L. VanHal and John P. Jacoby, both of Vedder, Price, Kaufman & Kammholz, of Chicago, for appellee Cherry Electrical Products Corporation.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Amorfina Bragado, appeals from the order of the trial court dismissing her amended complaint for retaliatory discharge for failure to state a claim pursuant to motions brought under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). Plaintiff had filed a complaint alleging retaliatory discharge by defendant, Cherry Electrical Products Corporation (Cherry), her

employer, and defendant Scott Wetzel Services, Inc. (Wetzel), its adjustment agent. Both defendants filed motions which argued that the complaint failed to state a cause of action and that her remedy was available exclusively under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*). Defendant Wetzel argues on appeal an additional reason that retaliatory discharge exists only against the employer and not against third parties where the third party was not the employer and did not discharge the employee. We affirm in part and reverse in part.

In her amended complaint, plaintiff alleged that she was an employee of Cherry and that on October 24, 1985, she was injured in the scope of her duties. Pursuant to the Act, Cherry, through the services of Wetzel, paid certain medical bills and temporary total disability benefits (TTD). On or about February 3, 1986, defendants stopped paying TTD benefits. Plaintiff alleged that this termination was improper as her treating physician had restricted her from performing her normal duties, although he released her for "light duty." Nevertheless, plaintiff returned to full regular duties on February 25, 1986, until March 10, 1986, when she became physically unable to continue her duties. Her doctor imposed a restriction that she not return to regular duty until at least March 31, 1986. In the meantime, Cherry did not reinstate TTD benefits, and on March 25, 1986, Cherry terminated her employment. Prior to the date of termination, plaintiff had been scheduled for a physical examination by a physician of defendants' choosing for April 4, 1986.

Plaintiff further alleged that defendants violated section 4(h) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.4(h)), which prohibits an employer from interfering with, restraining, or coercing an employee from her exercise of any right granted by the Act, or from discharging an employee for exercising her rights granted by the Act. She alleged that defendants violated public policy in requiring plaintiff to return to work against medical advice and in terminating her employment while she was medically restricted. She alleged that she suffered loss of TTD benefits, aggravation of her injury and pain and suffering. She prayed for monetary damages.

Plaintiff's allegations against Wetzel were substantially the same. She also stated that Wetzel was a service or adjustment company and acted on behalf of Cherry to process her claim. She alleged that Wetzel was aware that Cherry was not treating her in accordance with her doctor's orders, but that Wetzel still refused to pay her TTD benefits. She alleged that Cherry, acting in concert with Wetzel, terminated plaintiff's employment.

■ Defendants did not answer the complaint but instead moved to dismiss it pursuant to section 2—615 for failure to state a cause of action. The trial court granted their motions, and this appeal followed. In reviewing the order of dismissal on appeal, this court will accept as true all well-pleaded facts and all reasonable inferences flowing from the complaint and must determine whether, as a matter of law, the complaint states a cause of action. (*Spengler v. V & R Marathon, Inc.* (1987), 162 Ill. App. 3d 715, 717, 516 N.E.2d 787, 788; see also *Parton v. A.L. Randall Co.* (1989), 180 Ill. App. 3d 856, 861, 534 N.E.2d 1077, 1081.) Under section 2—612 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—612), no pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim. *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 134, 421 N.E.2d 876, 880.

■ We address first defendants' contention that the complaint was improper because the Act provides the exclusive remedy, making the complaint improper to the extent it seeks recovery for TTD benefits to compensate plaintiff for her work-related injury. (*Robertson v. Travelers Insurance Co.* (1983), 95 Ill. 2d 441, 449, 448 N.E.2d 866, 869; *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 241, 408 N.E.2d 198, 203.) Plaintiff concedes that she cannot receive TTD benefits as a result of this action. In fact, we note that the record reflects that she has filed a claim before the Industrial Commission to collect these benefits. However, plaintiff has also alleged that she suffered pain, suffering and aggravation of her injury when defendants coerced her to return to work prematurely by cutting off her TTD benefits. Thus, she prayed for monetary damages. For example, the plaintiff in *Kelsay v. Motorola Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, the seminal case on this issue, was awarded monetary damages representing lost wages from the time she was terminated until the time she found a new job. Thus, the claim for monetary damages in this cause is appropriate. However, on remand, plaintiff's complaint should be stricken to the extent that she prays for TTD benefits. The Industrial Commission is determining whether she was entitled to receive those benefits. In the circuit court, plaintiff is restricted to a claim for wrongful discharge and the damages resulting from the wrongful discharge, rather than for any claim for lost benefits which are to be compensated under the Act.

Defendants' other argument is that the complaint was legally insufficient because it appears that no set of facts could be proved which would entitle plaintiff to recover. In particular, they state that plaintiff has failed to allege that her discharge was causally related to the filing

of a claim under the Act and that because she was physically unable to perform her duties, defendants could justifiably discharge her.

A plaintiff states a valid claim for retaliatory discharge only if she alleges she was (1) discharged; (2) in retaliation for her activities; and (3) that the discharge violates a clear mandate of public policy. *Hinthorn v. Roland's of Bloomington, Inc.* (1988), 119 Ill. 2d 526, 529, 519 N.E.2d 909, 911.

There is no dispute that plaintiff was discharged. Defendants argue that plaintiff has not met the second element, which basically requires that a plaintiff allege a causal relationship between the employee's activities and the discharge. (*Hinthorn,* 119 Ill. 2d at 532, 519 N.E.2d at 912; *Slover v. Brown* (1986), 140 Ill. App. 3d 618, 620, 488 N.E.2d 1103, 1105.) However, plaintiff's complaint does spell out the course of events which led to her discharge. A fair reading of the complaint informs defendants that her discharge was triggered when she refused to work when she was disabled and made claims for TTD benefits under the Act and that defendants coerced her to forego her rights and return to work by terminating benefits before she was rehabilitated. (*Hinthorn,* 119 Ill. 2d at 532, 519 N.E.2d at 912.) The complaint also alleges that the discharge violated public policy. *Hinthorn* also makes it clear that retaliatory discharge can be alleged not only after the employee files a benefits claim, but after she asserts other rights such as seeking medical attention. (119 Ill. 2d at 534, 519 N.E.2d at 913.) The plaintiff has alleged that the defendants were well aware that she was asserting her rights under the Act. Thus, her complaint differs from that in *Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 3d 181, 185, 476 N.E.2d 1284, 1287 (no allegation that defendant was informed, or in any way found out, that plaintiff was pursuing any remedy under the Act), or *Thomas v. Zamberletti* (1985), 134 Ill. App. 3d 387, 390, 480 N.E.2d 869, 871 (no allegation that defendant knew of the reason for plaintiff's failure to report to work). Moreover, plaintiff has alleged a *prima facie* case by alleging a short time span between the assertion of her rights and her employer's adverse action. *Hugo v. Tomaszewski* (1987), 155 Ill. App. 3d 906, 910, 508 N.E.2d 1139, 1141.

Defendants also argued in their motion to dismiss that Cherry was justified in discharging plaintiff because she was unable to do the work. They take her allegation that she did not return to work because she was physically unable to perform her duties as an admission in support of their claim that Cherry discharged her for the reason that she was unable to perform her duties. They assert that this reason was not a pretextual basis for her discharge and thus the termination of her

employment was justified. (See *Lewis v. Zachary Confections Co.* (1987), 153 Ill. App. 3d 311, 505 N.E.2d 1087.) However, defendants cannot take plaintiff's allegations out of context. It is a fair inference from the allegations of plaintiff's complaint that she was discharged for asserting her rights under the Act, not because she was unable to work. If defendants wish to raise the defense that an employer is justified in discharging an employee who was injured on the job, they must raise it in a proper motion supported by affidavit or at trial and prove Cherry had a valid reason to discharge plaintiff. However, they have not answered the complaint and may not raise the defense in a section 2—615 motion to dismiss. A motion to dismiss cannot evidence the employer's intentions and cannot prove that the basis for discharge was valid and not a mere pretext for retaliation. (*Hugo*, 155 Ill. App. 3d at 910, 508 N.E.2d at 1141.) Although plaintiff may not ultimately prevail on her claim, she has stated a cause of action. *Hinthorn*, 119 Ill. 2d at 535, 519 N.E.2d at 913; *Parton v. A.L. Randall Co.* (1989), 180 Ill. App. 3d 856, 862, 534 N.E.2d 1077, 1081.

■ Furthermore, plaintiff did allege defendants acted under a pretext when she stated that the defendants used her doctor's report restricting her to "light duty" work as a pretext for terminating TTD benefits and coercing plaintiff back to work. Since Cherry had no "light duty" jobs, plaintiff alleged that she was forced into performing heavy-duty work, which aggravated her original injury. Cherry's actions in terminating plaintiff's TTD benefits would be improper because the ability to do light-duty work does not preclude a finding of temporary total disability. (*Ford Motor Co. v. Industrial Comm'n* (1984), 126 Ill. App. 3d 739, 743, 467 N.E.2d 1018, 1021.) However, whether plaintiff was in fact entitled to TTD benefits and the related issue of whether defendants improperly used the doctor's partial release as a pretext for terminating benefits are issues to be decided before the Industrial Commission in plaintiff's claim for benefits. Whether defendants discharged plaintiff to retaliate for her assertion of her rights under the Act, in fact found a pretext to discharge her, or used the termination of benefits as a means of coercing her to forego her other rights are the issues raised by plaintiff's complaint.

■ Defendant Wetzel also argues that count II of plaintiff's complaint was correctly dismissed because an action for retaliatory discharge may only be brought against plaintiff's employer. Plaintiff contends this issue should not be considered since it is raised for the first time on appeal. If it appears as a matter of law that plaintiff's complaint does not state a cause of action, however, an objection to it may be raised for the first time on appeal. (*Midwest Bank & Trust Co. v.*

*Village of Lakewood* (1983), 113 Ill. App. 3d 962, 974, 447 N.E.2d 1358, 1366.) Since we believe as a matter of law that count II fails to state a cause of action, we will consider Wetzel's argument.

The Appellate Court for the First District has held that a retaliatory discharge action may only be brought against the plaintiff's former employer, not against his or her former supervisors. (See *Morton v. Hartigan* (1986), 145 Ill. App. 3d 417, 422, 495 N.E.2d 1159, 1162.) This court has recently declined to follow *Morton*, holding that a retaliatory discharge action may also be brought against plaintiff's former supervisors. *Fellhauer v. City of Geneva* (1989), 190 Ill. App. 3d 592, 602.

In *Fellhauer*, this court supported its holding by stating that, under normal tort doctrine, if an agent's acts render the principal liable, the agent is liable as well and that the purpose of deterring retaliatory discharges is better served if the active wrongdoer is held liable. (*Fellhauer*, 190 Ill. App. 3d at 602.) This court further stated, however, that the action may be brought against a supervisor, co-employee or agent of the employer *"who commits the act of retaliatory discharge."* (Emphasis added.) (*Fellhauer*, 190 Ill. App. 3d at 602.) Thus, the action may only be brought against a supervisor, co-employee or agent of the employer if that party discharges plaintiff in retaliation for plaintiff's activities if the discharge violates a clear public policy mandate. *Hinthorn v. Roland's of Bloomington, Inc.* (1988), 119 Ill. 2d 526, 529, 519 N.E.2d 909, 911.

■ Plaintiff's complaint alleges that she was employed by Cherry, not Wetzel. Wetzel, according to the allegations of count II, was a service or adjustment company which acted on Cherry's behalf with respect to the processing of plaintiff's worker's compensation claim. There are no facts alleged which would indicate that Wetzel had the authority or the ability to discharge plaintiff from her position with Cherry. Accordingly, plaintiff cannot state a cause of action for retaliatory discharge against Wetzel, and count II of the complaint was correctly dismissed.

The judgment of the circuit court of Lake County is affirmed in part and reversed in part, and the cause is remanded for further proceedings.

Affirmed in part; reversed in part and remanded.

UNVERZAGT, P.J., and INGLIS, J., concur.