### Curtis V. RODKEY, Plaintiff,

v.

### W.R. GRACE & CO., Defendant.

### No. 91 C 3251.

United States District Court,
N.D. Illinois, E.D.

May 29, 1991.

Erwin Cohn, Erwin Cohn & Associates, Chicago, Ill., for plaintiff.

David J. Rowland, Joel H. Kaplan, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

### MEMORANDUM ORDER

SHADUR, District Judge.

Defendant W.R. Grace & Co.–Conn. (erroneously named in the Complaint as "W.R. Grace & Co." and referred to in this opinion simply as "Grace") has filed a timely Notice of Removal ("Notice") from the Circuit Court of Lake County, Illinois of this action brought by its ex-employee Curtis Rodkey ("Rodkey"). Although Grace's removal was indeed timely—Notice ¶ 2 reflects service on its duly designated recipient on April 24, 1991, so that the Notice was filed on the thirtieth and last day permitted by 28 U.S.C. § 1446(b) [1]—the removal was improvident in terms of federal subject matter jurisdiction. Based on its initial review of the Complaint and Notice,[2] this Court sua sponte remands this action to its place of origin.

---

1. All further references to Title 28's provisions will simply take the form "Section—."

2. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

Grace relies on diversity of citizenship to establish federal jurisdiction, setting out the bases for that assertion in Notice ¶ 5. Although Grace incorrectly speaks of Rodkey's Illinois *residence* rather than his *citizenship* in Notice ¶ 5(a), and although the latter is of course the relevant fact for diversity purposes (see 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 101 & n. 9, and cases there cited (1990 ed.)); 13 B *id.* § 3611, at 516–18 & nn. 27–29, and cases there cited (1984 ed. and 1990 pocket part), that would not likely prove fatal because of the prospects for its cure in accordance with Section 1653. Where Grace founders is on the fact that even assuming the existence of diversity of citizenship, that potential basis for jurisdiction is overridden by the existence of an express prohibition of federal jurisdiction in cases such as this.

Rodkey's Complaint asserts that after he had sustained a work-related personal injury, he filed a worker's compensation claim with the appropriate state agency (Complaint ¶¶ 2–3). And then, Rodkey asserts (Complaint ¶ 4):

> That on or about February 2, 1990, in retaliation for the plaintiff's filing of said Workman's Compensation claim, W.R. Grace & Co. wrongfully discharged plaintiff from said employment, in contravention of the clearly mandated public policy under the Illinois Worker's Compensation Act, Ch. 48, Ill.Rev.Stat., Par. 138.-4(h).

In so many words, then, Rodkey has advanced his claim as one brought under the authority of the Illinois statute that he invokes—a claim expressly recognized in those terms by the Illinois courts.[3] And this Court has consistently held beginning with *Alexander v. Westinghouse Hittman Nuclear, Inc.,* 612 F.Supp. 1118 (N.D.Ill. 1985) that claims of exactly the same nature as that asserted by Rodkey are nonremovable to the federal courts because of the express prohibition of Section 1445(c) (see also, e.g., this Court's opinions in *Orsini v. Echlin, Inc.,* 637 F.Supp. 38 (N.D.Ill. 1986) and *Rosell v. Roadway Express, Inc.,* 702 F.Supp. 681 (N.D.Ill.1988)). Nothing since *Rosell* suggests any change in that view—indeed, *Soto v. Tonka Corp.,* 716 F.Supp. 977 (W.D.Tex.1989) is identical in its holding and result.

Hence this District Court has no jurisdiction to accept the removal of this action. In accordance with the principle that subject matter jurisdictional defects must be addressed whenever they appear—and must be addressed sua sponte even if not raised by the litigants—Section 1447(c) provides in part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

This Court honors that mandate and orders this action remanded to the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois. And because there is clearly no reason for delay, it is further ordered that the certified copy of the remand order shall be mailed forthwith as permitted under this

---

The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

**3.** For a short time some Illinois state court decisions were led astray by the mistaken view of Labor Management Relations Act § 301 (29 U.S.C. § 185) preemption then held by a majority of the judges on our Court of Appeals (*Lingle v. Norge Division of Magic Chef, Inc.,* 823 F.2d 1031 (1987) (en banc))—see, e.g., *Netzel v. UPS, Inc.,* 165 Ill.App.3d 685, 117 Ill.Dec. 314, 520 N.E.2d 665 (1st Dist.1987). But since the United

States Supreme Court corrected that error by unanimously reversing *Lingle* (486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)), there have been no further aberrations from the path previously marked out by the Illinois Supreme Court in *Gonzalez v. Prestress Engineering Corp.,* 115 Ill.2d 1, 104 Ill.Dec. 751, 503 N.E.2d 308 (1986) —see such decisions as the later *Netzel* opinion, 181 Ill.App.3d 808, 130 Ill.Dec. 879, 537 N.E.2d 1348 (1st Dist.1989) and *Parton v. A.L. Randall Co.,* 180 Ill.App.3d 856, 128 Ill.Dec. 632, 534 N.E.2d 1077 (2d Dist.1989).

District Court's General Rule 30(b).[4]

---

**4.** Because all that has been delivered to this Court is the Judge's copy of the Notice and the attached Complaint, this Court has no knowledge whether Grace has also filed its Answer within 30 days after service, as required by the Illinois state law procedure. That is a matter to be addressed by the Circuit Court on remand.