KRISTI JOLENE WINEBRIGHT, Petitioner-Appellant, v. DOUGLAS FRED WINEBRIGHT, Respondent-Appellee.

Third District No. 3—86—0672

Opinion filed May 21, 1987.

Drew Parker, of Parker & Halliday, of Peoria, for appellant.

David Reid Clark, of Clark & Kanthak, of Monmouth, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The petitioner, Kristi Jolene Winebright, filed a petition for leave to remove her two children from Illinois. The court denied her petition. The petitioner appeals.

On December 20, 1985, the petitioner and the respondent, Douglas Fred Winebright, were granted a dissolution of marriage. The court awarded the parties joint custody of their two children, then ages 8 and 11, with the petitioner receiving physical custody.

The petitioner, who had a bachelor's and a master's degree, worked at Monmouth College as Director of Annual Giving. When she filed her petition to remove in August of 1986, she was earning $22,000 gross per year. She had applied and was one of two final contenders for a job at Colorado State University, which paid $32,000 gross yearly. The petitioner contended that she had no further advancement opportunities at Monmouth College. The Colorado position, she argued, provided a considerable increase in salary, as well as advancement opportunities, thus promoting her career, while raising the children's standard of living. She had checked the local Colorado school system and found it to be excellent. Additionally, the area provided numerous recreational and cultural opportunities.

The respondent objected to the petition to remove. He contended that he had taken full advantage of his visitation rights, that he had turned down two offers to advance in his present employment because they involved relocating in Illinois, and that it was in the children's best interests to continue visiting with him regularly and continue living in Monmouth, where they were doing quite well.

The evidence presented at the hearing on the petition tends to show that the petitioner and the respondent are both positively and extensively involved in their children's lives, providing the children

with the benefits envisioned by the legislature when it enacted the joint custody provision of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1985, ch. 40, par. 602.1). The children are intelligent, well-mannered, and well-adjusted. They receive excellent grades in school. Both are active in a number of extracurricular activities.

A psychologist who examined the children at the petitioner's request testified that the children would have the normal problems of adjusting to any move, but that they would be able to cope with those problems as long as their father did not reject them. The children's court-appointed guardian *ad litem* recommended that the removal petition be denied.

The trial court denied the petition. In so doing, it found that removal was not justified under section 610 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 610), because none of the evidence showed that the children's present environment might seriously endanger their physical, mental, moral, or emotional health. The court further found that the petitioner had failed to prove that removal of the children to Colorado was in their best interests.

On appeal, the petitioner argues that the trial court erred in denying her petition for leave to remove. In part, she bases her argument on the court's reliance on section 610, which the petitioner contends is inapplicable to a petition for leave to remove.

Section 609 of the IMDMA governs petitions for leave to remove children from Illinois. (Ill. Rev. Stat. 1985, ch. 40, par. 609.) Section 610 governs modification of custody orders. (Ill. Rev. Stat. 1985, ch. 40, par. 610.) The trial judge in the instant case apparently believed that because the parties had joint custody, allowing the petitioner to remove the children from Illinois would in effect be a modification of the custody order. For this reason, the court examined the standards of both sections 609 and 610 in reaching its decision.

■■ ■ Even where the parties have been awarded joint custody, a petition to remove the child from Illinois does not constitute a petition to modify custody; hence, the removal petition is governed by section 609 of the IMDMA, and section 610 does not apply. (*In re Marriage of Bednar* (1986), 146 Ill. App. 3d 704, 496 N.E.2d 1149.) A custodial parent petitioning to remove a child from Illinois has the burden of proving that removal is in the child's best interest. However, a *prima facie* case is presented when the petitioner shows a sensible reason for the move and makes a showing that the move is consistent with the child's best interest; direct benefit to the child need not be shown.

(*In re Marriage of Brady* (1983), 115 Ill. App. 3d 521, 450 N.E.2d 985.) The test is not simply to establish what is in the best interest of the child, but also whether the general quality of life for both the custodial parent and the child will be improved by removal. As long as the court is satisfied with the motives of the custodial parent and reasonable visitation is available to the other parent, removal should be granted. (*In re Custody of Arquilla* (1980), 85 Ill. App. 3d 1090, 407 N.E.2d 948.) The trial court's decision will not be reversed unless it is against the manifest weight of the evidence. *Quirin v. Quirin* (1977), 50 Ill. App. 3d 785, 365 N.E.2d 226.

In the instant case, it is clear that the trial court erroneously considered the factors set forth in section 610 for modification of custody in deciding to deny the petition to remove. In light of the evidence showing a sensible reason for the move and that the general quality of life for both the petitioner and the children would be improved by removal, we believe it to be quite possible that the trial court's decision would have been different had it applied only the proper standards as set forth in section 609 and this opinion. Accordingly, we must reverse and remand the cause for further proceedings consistent with this opinion.

The judgment of the circuit court of Warren County is reversed and the cause is remanded.

Reversed and remanded.

BARRY, P.J., and WOMBACHER, J., concur.