*In re* MARRIAGE OF MARIE M. GRABAREK, n/k/a Marie M. Leifheit, Petitioner-Appellant, and WILLIAM C. GRABAREK, Respondent-Appellee.

Second District No. 2—88—0264

Opinion filed November 7, 1988.

Roy A. Safanda, of Safanda & Brannen, P.C., of St. Charles, for appellant.

William F. Bochte and J. Brick Van Der Snick, both of Bochte & Kuzniar, of St. Charles, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Petitioner, Marie M. Grabarek, n/k/a Leifheit, filed a post-dissolution of marriage petition in the circuit court of Kane County to increase child support against her former husband, respondent, William C. Grabarek. Respondent's motion to dismiss the petition on the basis that a joint parenting agreement provided for binding mediation was granted, and petitioner appeals.

Petitioner raises two issues on appeal: (1) whether the circuit court erred in finding that an order incorporating a joint parenting agreement superseded the child support provisions of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, pars. 510, 511); and (2) whether the circuit court erred in failing to enforce discovery.

The marriage of the parties was dissolved by a judgment of dissolution of marriage entered March 4, 1986, which also included resolution of all property, custodial, and support rights pursuant to a written marital settlement agreement of the parties. Simultaneous with the entry of the judgment, the circuit court entered an "Agreed Order/Parenting Agreement" (Joint Parenting Order), signed by the parties, which provided, *inter alia*, for joint custody of the parties' three minor children and binding mediation through James B. Weaver of Fox Valley Counseling, St. Charles, Illinois, should a disagreement arise and a party request use of a mediator on any of the terms of the joint parenting agreement, the marital settlement agreement, or "any area concerning the children."

On October 2, 1987, petitioner filed a "Petition to Modify Judgment of Dissolution to Increase Child Support" seeking an increase in child support from respondent because of a substantial change in circumstances for the two minor children residing with petitioner. Respondent moved to strike and dismiss the petition on the basis that the Joint Parenting Order provided for binding mediation of the subject matter of the petition, with which petitioner had failed to comply. On January 4, 1988, an order was entered striking and dismissing the

petition, finding that the Joint Parenting Order had not been followed because mediation had not been sought by the parties and that the Joint Parenting Order was binding on the parties. On that same day, petitioner filed a notice to produce pursuant to Supreme Court Rule 214 (107 Ill. 2d R. 214) and, on January 27, 1988, petitioner filed a motion for sanctions for failure to comply with discovery. On February 18, 1988, the circuit court denied both the motion for sanctions and a motion to reconsider the order dismissing the petition to increase child support. In denying the motion to reconsider, the court expressed the view that mediation under the Joint Parenting Order was only a first step in the process and that a party disagreeing with the mediator's recommendation could seek relief in the courts.

Petitioner first contends that the circuit court erred in finding that the Joint Parenting Order, in pertinent part, supersedes the modification of child support sections of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1987, ch. 40, pars. 510, 511). She contends that the language of section 602.1 of the Act providing for joint parenting agreements and orders (Ill. Rev. Stat. 1987, ch. 40, par. 602.1) is intended to allow agreements for the personal care of minor children, but does not control modification of the financial obligations of child support, which is contained in sections 510 and 511 of the Act. Respondent replies that petitioner has not attacked the validity of the Joint Parenting Order as being a result of fraud or duress, or in variance with public policy and, therefore, it should be enforced as the order was entered by agreement of the parties. While petitioner also advances several other bases for reversal, that the court below misconstrued the language of the Joint Parenting Order and that the agreement and order is against public policy, we resolve the question before us on the first contention advanced and, therefore, need not consider the alternative arguments.

■■ The primary rule of statutory construction is to ascertain and effectuate the legislature's intent. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341, 504 N.E.2d 84.) A court should first look to the statutory language itself to determine the legislative intent. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076.) If the language is clear, the court must give it effect as written and not resort to extrinsic aids for construction. *Graham, Anderson, Probst & White, Inc.*, 109 Ill. 2d at 151, 485 N.E.2d at 1079.

Section 602.1 of the Act states, in pertinent part,

"(b) Upon the application of either or both parents, or upon its own motion, the court shall consider an award of joint cus-

tody. Joint custody means custody determined pursuant to a Joint Parenting Agreement or a Joint Parenting Order. In such cases, the court shall initially request the parents to produce a Joint Parenting Agreement. Such Agreement shall specify each parent's powers, rights and responsibilities *for the personal care of the child and for major decisions such as education, health care, and religious training.* The Agreement shall further specify a procedure by which proposed changes, disputes and alleged breaches may be mediated or otherwise resolved and shall provide for a periodic review of its terms by the parents. In producing a Joint Parenting Agreement, the parents shall be flexible in arriving at resolutions which further the policy of this State as expressed in Sections 102 and 602. For the purpose of assisting the court in making a determination whether an award of joint custody is appropriate, the court may order mediation and may direct that an investigation be conducted pursuant to the provisions of Section 605. In the event the parents fail to produce a Joint Parenting Agreement, the court may enter an appropriate Joint Parenting Order under the standards of Section 602 which shall specify and contain the same elements as a Joint Parenting Agreement, or it may award sole custody under the standards of Sections 602, 607, and 608." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 40, par. 602.1(b).

■ Section 602.1 provides for joint custody, which is to be determined pursuant to a joint parenting agreement or order. Any such order or agreement "shall specify each parent's powers, rights and responsibilities for the personal care of the child and for major decisions such as education, health care, and religious training." (Ill. Rev. Stat. 1987, ch. 40, par. 602.1(b).) Furthermore, any agreement or order shall set forth a procedure for resolving proposed changes, disputes or alleged breaches of the agreement. This section does not specifically refer to child support, nor do we construe any of its language as including child support as part of any joint custody agreement or order. Nor does section 602.1 suggest that a joint custody agreement or order will supersede or modify any of the child support sections of the Act. Thus, in reading the plain language of section 602.1, we find no provision allowing the parents or the court to include as part of a joint custody agreement or order any provision regarding child support or any modification of any child support award.

■ Other sections of the Act do provide for child support awards and modifications thereto. Section 502(b) of the Act provides that

child support agreements shall not be binding upon the court. (Ill. Rev. Stat. 1987, ch. 40, par. 502(b).) Furthermore, section 505 of the Act establishes guidelines for the trial court to determine a child support award. (Ill. Rev. Stat. 1987, ch. 40, par. 505.) Moreover, section 510 provides for the modification or termination of any child support award and section 511 sets forth the proceedings to be followed in seeking a modification. Ill. Rev. Stat. 1987, ch. 40, pars. 510, 511.

■ Additionally, our supreme court has recently stated that, pursuant to section 502(b) of the Act, the trial court is not bound by agreements providing for the support, custody, and visitation of the children. (*Blisset v. Blisset* (1988), 123 Ill. 2d 161, 167, 526 N.E.2d 125.) The court further noted that the modification of a child support obligation is a judicial function and that to allow former spouses to modify a court-ordered child support obligation between themselves without judicial approval would circumvent judicial protection of the children's interests. (*Blisset*, 123 Ill. 2d at 167-68, 526 N.E.2d at 127-28.) *Blisset* lends further support to our interpretation of section 602.1 of the Act.

■ Petitioner here sought modification of the child support obligation through a petition consistent with the procedures set forth in section 511 of the Act. The trial court, upon respondent's motion, erroneously dismissed the petition because the court believed the joint custody agreement superseded the petitioning process. We, therefore, reverse the order of the circuit court of Kane County dismissing petitioner's petition to modify child support and remand to the circuit court for further proceedings. Because petitioner will be afforded discovery pursuant to her reinstated petition, we do not address the discovery issue also raised in this appeal.

Reversed and remanded.

LINDBERG, P.J., and NASH, J., concur.