SCHUSTER EQUIPMENT COMPANY, INC., Plaintiff-Appellant, v. DE-
SIGN ELECTRIC SERVICES, INC., Defendant-Appellee.

Second District   No. 2—89—0720

Opinion filed May 8, 1990.

Frank J. Petru, of Leoris & Cohen, P.C., of Highland Park, for appellant.

Julian Johnson, of Snyder, Clarke, Dalziel & Johnson, of Waukegan, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Schuster Equipment Company, Inc., appeals from an order of the circuit court of Lake County dismissing counts II and III of its amended complaint. Plaintiff presents one issue for review: whether the trial court erred in dismissing those counts on the ground that the damages it sustained were economic losses which are not recoverable in tort actions.

Plaintiff filed a three-count amended complaint against two defendants on June 19, 1986. The first count sought damages from a defendant which successfully moved for summary judgment in its favor. That defendant is not involved in this appeal. Counts II and III

of the amended complaint alleged that defendant, Design Electrical Services, Inc., negligently constructed an electric service line to plaintiff's office. Count II specifically alleged that defendant installed the wrong type of line, one which provided too much voltage to the outlet. Count III alleged that defendant negligently constructed and installed the line. Both counts alleged that defendant's negligence resulted in a fire inside plaintiff's personal computer, which was destroyed. Plaintiff sought recovery only for damage to the computer.

Defendant filed a section 2—615 motion to dismiss (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). In its motion, defendant argued that the damages plaintiff sustained were economic losses which are not recoverable under the authority of *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69. In its response to the motion to dismiss, plaintiff argued that the destruction of the computer was due to a "sudden and violent occurrence" and that the damage to the computer was property damage, not an economic loss. The court granted the motion to dismiss. The court's order of June 22, 1989, stated "there is no just reason to delay enforcement of this order or appeal of this cause." Plaintiff then timely filed this appeal.

On appeal, plaintiff contends that the trial court erred in dismissing counts II and III of the amended complaint because they allege only economic losses. Defendant argues that we should not address this contention because we lack jurisdiction to hear this appeal. According to defendant, the order dismissing the counts was not a final order because it did not state that the counts were dismissed with prejudice, and the use of Supreme Court Rule 304(a) language does not make that order appealable (see 134 Ill. 2d R. 304(a) (eff. Jan. 1, 1989); see also Ill. Rev. Stat., 1988 Supp., ch. 110A, par. 304(a)).

■■ ■ Generally, an appellate court may only review final orders. (*In re Estate of Hopkins* (1988), 166 Ill. App. 3d 652, 655.) An order is final and appealable if it terminates the litigation between the parties on the merits so that, if affirmed, the trial court need only execute the judgment. (*Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 115.) A reviewing court will look to the substance of an order, rather than its form, to determine if it is final and appealable. (*Estate of Hopkins*, 166 Ill. App. 3d at 655.) If a complaint is dismissed because it is legally insufficient to state a cause of action, as opposed to being technically deficient, the order is final and appealable. (166 Ill. App. 3d at 655.) If there has been no right to amend stated in the order, the dismissal order is final and appealable; the dismissal order does not have to include the words "with prejudice" for it to be appealable if it is otherwise final. 166 Ill. App. 3d at 655.

■ Here, count I had been previously adjudicated, leaving only counts II and III to be litigated. The order dismissed both counts as a matter of law, not because of technical defects. Plaintiff did not request leave to amend, nor did the court grant plaintiff that right. Thus, the order is final and appealable. The inclusion of the Rule 304(a) language was not necessary because no claim remained pending in the trial court.

■ Turning to the merits of the appeal, when adjudicating a motion to dismiss a complaint for failure to state a cause of action, the trial court must construe the pleadings liberally. (*Pfendler v. Anshe Emet Day School* (1980), 81 Ill. App. 3d 818, 821-22.) For the purpose of the motion, a motion to dismiss a complaint for failure to state a cause of action admits as true all properly pleaded facts. (*Pfendler*, 81 Ill. App. 3d at 821-22.) A trial court should not dismiss a cause on the basis of the pleadings unless it is clear that the plaintiff can prove no set of facts which support a recovery. 81 Ill. App. 3d at 821-22.

■ Defendant based its motion to dismiss on the authority of *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69. In *Moorman*, the supreme court addressed the question of whether a plaintiff could recover for economic losses in a contract action. The court defined "economic loss" as damages for the cost of repair or replacement of the defective item and for the decrease in value of the product because of its inferior quality and because it "does not work for the general purposes for which it was manufactured and sold." (*Moorman*, 91 Ill. 2d at 82.) Stated another way, economic loss is damage caused by defects in the product itself, such as reduced value, return of the purchase price, repair and replacement costs or lost profits. (91 Ill. 2d at 84.) Economic loss is contractual damage because it is a "loss relating to a purchaser's disappointed expectations due to deterioration, internal breakdown or nonaccidental cause." 91 Ill. 2d at 86.

The supreme court held that economic damages are not recoverable in tort actions, but also held that when a product is sold in a defective condition that is unreasonably dangerous to the consumer or its property, strict liability in tort is applicable to the physical injury of the plaintiff's property. (91 Ill. 2d at 81.) The court explained:

> "[T]he essence of a product liability tort case is not that the plaintiff failed to receive the quality of product he expected, but that the plaintiff has been exposed, through a hazardous product, to an unreasonable risk of injury to his person or property." 91 Ill. 2d at 81.

■ *Moorman* established the rule that a plaintiff can recover if the defective product damaged "other property," or if the damage was the result of a sudden and dangerous occurrence. (91 Ill. 2d at 81, 85.) Plaintiff argues that the electrical line damaged "other property," the computer, and that the damage was the result of a sudden and dangerous occurrence, a fire inside the computer.

■ Defendant argues that the line did not damage plaintiff's property because the computer was part of the electrical circuit. While creative, this argument fails to persuade us. The computer was merely an appliance connected to the electrical circuit. For example, under defendant's reasoning, if one of plaintiff's employees had been electrocuted while plugging in the computer, the employee would be a part of the circuit, since the electricity flowed through the employee. Clearly, in that case, plaintiff could sue for the personal injuries of its employee. Similarly, the computer is no more a part of the electrical line than a person would be.

■ The fire here occurred immediately upon connecting the computer to the power source and completely destroyed the computer. Since plaintiff alleged in its complaint that the damage was to "other property" and that the damage was the result of a sudden and dangerous occurrence, plaintiff has sufficiently alleged grounds for recovery under *Moorman*. We therefore conclude that the trial court erred in dismissing counts II and III, and they should be reinstated on remand of the cause.

The order of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

REINHARD and McLAREN, JJ., concur.