# Illinois Official Reports

## Appellate Court

---

### *In re Parentage of Rogan M.*, 2014 IL App (1st) 132765

---

| | |
|---|---|
| Appellate Court Caption | *In re* PARENTAGE OF ROGAN M. (Keisha M., Petitioner-Appellant, v. John M., Respondent-Appellee). |
| District & No. | First District, Sixth Division<br>Docket No. 1-13-2765 |
| Filed | March 7, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Petitioner's appeal from the denial of her petition to remove her minor son from Illinois to California was dismissed for lack of jurisdiction, since the record showed that after the removal petition was filed, the parties filed several other petitions, including petitioner's requests for a modification of respondent's support obligations, attorney fees and costs, and respondent's petitions for custody and a parenting schedule, and the trial court declined to rule on those petitions until the removal petition was decided; furthermore, since those matters were pending when petitioner filed her notice of appeal, the denial of the removal petition was not a final judgment appealable as of right, and the order was not a "custody judgment" or a "modification of custody" that could be immediately appealed under Supreme Court Rule 304(b)(6). |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-D-79237; the Hon. Ellen L. Flannigan, Judge, presiding. |
| Judgment | Dismissed. |

Counsel on
Appeal

Maricarol Lacy and Nicole M. Onorato, both of Rinella & Rinella, Ltd., of Chicago, for appellant.

James M. Quigley and Matthew D. Elster, both of Beermann Pritikin Mirabelli Swerdlove LLP, of Chicago, for appellee.

Lester L. Barclay, of Barclay Law Group, P.C., of Chicago, child representative.

Panel                JUSTICE REYES delivered the judgment of the court, with opinion. Justices Hall and Lampkin concurred in the judgment and opinion.

**OPINION**

¶ 1      Petitioner Keisha M. appeals the judgment of the trial court denying her petition to remove her minor child from Illinois to California. On appeal, Keisha argues: (1) the trial court applied the improper evidentiary standard; and (2) the trial court's finding that removal was not in the child's best interests was against the manifest weight of the evidence. For the following reasons, we dismiss the appeal for lack of jurisdiction.

¶ 2                                BACKGROUND

¶ 3      Rogan M. was born out of wedlock in 2006 to parents Keisha M. and John M. Following Rogan's birth, Keisha and John lived together with their son until their relationship ended in 2008. At that time, John moved out of their home while Rogan remained living with Keisha. Shortly after the couple's separation, Keisha filed a parentage action, which the parties resolved by agreement on March 26, 2009. Although Keisha and John never reached a formal decision on the issue of custody,[1] they agreed John would make monthly child support payments and provide Keisha with his tax returns and income information on a yearly basis.

¶ 4      The record reveals that in the years subsequent to the parties' separation, Keisha and John both maintained an active relationship with their son. The two parents alternated weekends with Rogan and, during the week, John would accompany Rogan to t-ball practice, karate lessons, or dinner. A change in Keisha's employment, however, would alter the parties' situation.

---

[1]Under the facts of this case, Keisha is presumed to be the custodial parent by statute. See 750 ILCS 45/14(a)(2) (West 2012) ("If a judgment of parentage contains no explicit award of custody, the establishment of a support obligation or of visitation rights in one parent shall be considered a judgment granting custody to the other parent.").

¶ 5        In 1998, Keisha began working with Harpo Studios as a producer for the *Oprah Winfrey Show*, eventually earning a position as an executive in the creative department with the studio. In November 2009, Oprah Winfrey announced she would soon be ceasing production of the show, leaving Keisha to question her future with Harpo Studios and consider searching for new employment. According to Keisha, she encountered difficulty finding suitable work in her field around Chicago and instead focused her search on California and New York, where she anticipated such opportunities would be more abundant. On June 27, 2011, 2½ weeks before her position with Harpo Studios was to formally end, Keisha filed a petition to remove Rogan from Illinois to California as she believed an offer of employment in the Los Angeles area to be imminent. Ultimately, the parties participated in a five-month trial on the issue of removal and, on July 31, 2013, the trial court denied Keisha's removal petition in a memorandum opinion and order. Keisha filed her notice of appeal on August 28, 2013.

¶ 6        Between the filing of the removal petition and the notice of appeal, the parties filed a number of additional petitions. On July 8, 2011, Keisha requested a modification of John's child support obligations. On November 9, 2011, John filed a petition for custody of Rogan. On September 18, 2012, Keisha filed a petition for attorney fees and costs. On August 27, 2013, John filed a petition to set a parenting schedule. The trial court declined to hear these issues pending the disposition of Keisha's removal petition and thus the petitions remained unresolved prior to the filing of the notice of appeal. Additionally, on August 30, 2013, after Keisha filed her notice of appeal, John filed a petition to terminate or reduce his child support obligation.

¶ 7                                             ANALYSIS
¶ 8        John argues this court lacks jurisdiction to hear this matter on appeal. According to John, the order denying the removal petition is not a final judgment because numerous issues remain pending in the trial court. In addition, John asserts no exception applies to otherwise allow us to decide the case on its merits. The issue of jurisdiction is a purely legal question that we review *de novo*. *In re John Doe Investigation*, 2011 IL App (2d) 091355, ¶ 6.

¶ 9        Supreme Court Rule 301 provides "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). A final judgment fixes absolutely and finally the rights of the parties in the lawsuit; it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *In re Adoption of Ginnell*, 316 Ill. App. 3d 789, 793 (2000). To be final, a judgment must dispose of the litigation or some definite part of it. *Id.* If jurisdiction is retained for the future determination of matters of substantial controversy, the order is not final. *Id.* Absent an applicable exception, the appellate court does not have jurisdiction to review judgments, orders, or decrees which are not final. *Department of Public Aid ex rel. Chiapelli v. Viviano*, 195 Ill. App. 3d 1033, 1034 (1990).

¶ 10       Rules 306 and 307 provide instances where certain interlocutory orders may be appealed, but neither party contends these exceptions apply. See Ill. S. Ct. R. 306 (eff. Feb. 16, 2011); R. 307 (eff. Feb. 26, 2010). The remaining exceptions can be found in Rule 304. See Ill. S. Ct. R. 304 (eff. Feb. 26, 2010). Under Rule 304(a), "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding

that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). The parties did not seek a Rule 304(a) finding from the trial court in this case and we therefore do not have jurisdiction under this rule. The only remaining exception relevant to this matter falls under Rule 304(b)(6), which allows for an immediate appeal of "[a] custody judgment entered pursuant to the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq.*) or section 14 of the Illinois Parentage Act of 1984 (750 ILCS 45/14); or a modification of custody entered pursuant to section 610 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/610) or section 16 of the Illinois Parentage Act of 1984 (750 ILCS 45/16)." Ill. S. Ct. R. 304(b)(6) (eff. Feb. 26, 2010). Accordingly, for us to have jurisdiction, the order denying removal must have either been (1) a final judgment or (2) a "custody judgment" or "modification of custody," as pertaining to Rule 304(b)(6).

¶ 11                                I. Final Judgment

¶ 12    In response to John's jurisdictional challenge, Keisha cites a line of authority to support her contention the trial court's order denying the removal petition in this case constituted a final, appealable order. See *In re Custody of Purdy*, 112 Ill. 2d 1 (1986) (order modifying custody immediately appealable because action arose separately several years following the original marital dissolution proceeding); *In re Marriage of Demaret*, 2012 IL App (1st) 111916, ¶ 25 (ruling on postdissolution removal petition amounted to final order because the only remaining pending issue, a petition for attorney fees, was "wholly unrelated" to the issues in the removal petition); *In re Marriage of A'Hearn*, 408 Ill. App. 3d 1091, 1098 (2011) (unresolved petitions for rule to show cause did not render dismissal of petition to modify custody nonfinal where the previously filed petitions for rule to show cause were "not related to the modification for custody petition"); *In re Marriage of Carr*, 323 Ill. App. 3d 481, 485 (2001) (because pending petition for attorney's fees "had no effect" on–and was thus unrelated to–orders modifying child support, the orders modifying child support were final and appealable); *In re Marriage of Yndestad*, 232 Ill. App. 3d 1, 4 (1992) (where "[t]he trial judge's dismissal order prevented [the wife] from further prosecuting [her removal petition] and did not grant her leave to amend [the petition]," this court concluded "the dismissal order [was] final and appealable"). In particular, Keisha cites *Marriage of Demaret* for the proposition that "a removal petition is a distinct cause of action, and the order *** is thus final and appealable."

¶ 13    In *Marriage of Demaret*, the mother filed a removal petition to move the couple's children from Illinois to New Jersey four years after the dissolution of the couple's marriage. *Marriage of Demaret*, 2012 IL App (1st) 111916, ¶¶ 3-4. One day following the filing of the removal petition, the father filed a separate petition for attorney fees. *Id.* ¶ 4. Ultimately, the trial court denied the request for removal without ruling on the issue of attorney fees. *Id.* The mother subsequently appealed the denial of removal with the petition for attorney fees still pending before the trial court. *Id.* Despite the unresolved petition, this court found it had jurisdiction because the issue of attorney fees involved "a matter wholly unrelated to the issue of removal." *Id.* ¶ 25.

¶ 14    While the court in *Marriage of Demaret* ultimately found the order to be final and appealable, the case does not, as Keisha suggests, stand for the notion that removal petitions are final and appealable in every instance. To the extent the court characterized a removal

petition as a "distinct" proceeding, it did so relative to the original marital dissolution proceeding that occurred four years earlier. See *id.* ¶ 35. Simply because the court found the removal petition to be a separate action from the *prior* dissolution proceeding does not mean the court refrained from also discussing whether the removal petition was unrelated to the *pending* proceedings. See *id.* ¶ 38. The court examined whether the issues involved in the attorney fees petition had any "bearing on the circuit court's clear intent to issue a dispositive order regarding the best interests of the children" in the removal petition. *Id.* Because it concluded those issues did not, the court proceeded to find it had jurisdiction to hear the case. *Id.* Thus, *Marriage of Demaret*, along with the other decisions cited by Keisha, collectively demonstrate the need for the reviewing court to examine the relationship of any pending matters to those being appealed. See *id.* ¶¶ 30-36 (comparing the difference in effect on appellate jurisdiction between that of a "sufficiently related" pending petition to that of an "unresolved but unrelated petition").

¶ 15        With this in mind, we turn to the facts of this case. At the time of the filing of this appeal, several petitions remained unresolved in the trial court: (1) John's petition for custody; (2) John's petition to set a parenting schedule; (3) John's petition to terminate or reduce his child support obligation; (4) Keisha's petition to modify child support; and (5) Keisha's petition for attorney fees. Keisha contends jurisdiction is still proper because John effectively "abandoned" his petition for custody and the other four petitions are not sufficiently related to this appeal as to render the order denying removal not final. We need only address Keisha's abandonment argument because it is dispositive of this issue.

¶ 16        Keisha does not argue John's petition for custody involves a separate, unrelated matter that would have no effect on the issue of removal. Indeed, assuming John were successful in winning custody of the child, that fact alone would necessarily defeat any argument Keisha could make in support of her petition; Illinois law only permits the trial court to grant removal to the custodial parent. See 750 ILCS 5/609(a) (West 2012). Keisha must therefore contend John's failure to seek a ruling on his custody petition equates to an abandonment of the claim as a matter of law. Keisha cites no case law to support her argument, although we note the Illinois Supreme Court has previously addressed this issue. See *In re Marriage of Gutman*, 232 Ill. 2d 145 (2008).

¶ 17        In *Marriage of Gutman*, the parties dissolved their marriage in 1996 and the court subsequently entered a judgment ordering the husband to pay maintenance to the wife for three years. *Id.* at 147. After the wife filed a petition to extend maintenance, the court ordered the husband to continue the payments until further notice by the court. *Id.* at 147-48. In response, the husband petitioned the court to modify the judgment and terminate maintenance. *Id.* at 148. After the husband allegedly stopped making payments in violation of the court's order, the wife filed a petition for civil contempt against the husband. *Id.* Eventually, the court dismissed the wife's petition to extend maintenance with prejudice, but did not address the contempt petition or make a Rule 304(a) finding. *Id.* The wife appealed. *Id.*

¶ 18        While the wife failed to file the notice of appeal within 30 days of the dismissal order, the court found the pending contempt proceeding to be sufficiently part of the original action. *Id.* at 148, 152-54. Consequently, the trial court's dismissal did not constitute a final, appealable order. *Id.* at 153-54. In response, the husband argued the wife's failure to pursue a ruling over the course of two years amounted to an abandonment of the petition, thus rendering the trial

court's dismissal final and the wife's appeal untimely. *Id.* at 154. Our supreme court rejected this argument. *Id.* at 154-56.[2] It noted "[t]he passage of time in itself does not mean that the contempt proceeding was dismissed." *Id.* at 155. Rather, the court examined the record, which provided no evidence of the wife's intent to abandon her claim or any indication the trial court dismissed it. *Id.* Therefore, the court found the claim remained pending and unresolved at the time of the appeal. *Id.* at 156.

¶ 19 We find *Marriage of Gutman* controls here. While Keisha insists John filed his custody petition solely as a means to frustrate her petition for removal, she can point to no part of the record to indicate either an intent on John's behalf to abandon the claim or some action taken by the trial court to dismiss the claim. Her argument thus mirrors the unsuccessful argument advanced in *Marriage of Gutman*: John's delay in pursuing the custody petition coupled with the passage of time equates to an abandonment as a matter of law. Because the supreme court has already rejected this reasoning, we find the custody petition remained pending. Accordingly, the trial court's order was not a final and appealable order within the meaning of Rule 301.

¶ 20 II. Rule 304(b)(6)

¶ 21 Keisha additionally argues we have jurisdiction because an order regarding a removal petition constitutes a "custody judgment" or "modification of custody" as contemplated by Rule 304(b)(6). As noted above, Rule 304(b)(6) allows for an immediate appeal of "[a] custody judgment entered pursuant to the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq.*) or section 14 of the Illinois Parentage Act of 1984 (750 ILCS 45/14); or a modification of custody entered pursuant to section 610 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/610) or section 16 of the Illinois Parentage Act of 1984 (750 ILCS 45/16)." Ill. S. Ct. R. 304(b)(6) (eff. Feb. 26, 2010). When interpreting a supreme court rule, we apply the same principles of construction that apply to a statute. *In re Estate of Rennick*, 181 Ill. 2d 395, 404 (1998). Our goal is to ascertain and give effect to the intention of the drafters of the rule. *Id.* The most reliable indicator of intent is the language used, which should be given its plain and ordinary meaning. *Id.* at 405. Where the language is clear and unambiguous, we must apply the language used without further aids of construction. *Id.*

¶ 22 The plain language of Rule 304(b)(6) does not directly classify removal judgments as immediately appealable. Notwithstanding this fact, Keisha argues that because "sections 14 and 16 of the Illinois Parentage Act specifically reference removal," it follows that removal

---

[2]In rejecting the abandonment claim, the court in *Marriage of Gutman* distinguished two cases cited by the husband: *Mortgage Electronic Systems v. Gipson*, 379 Ill. App. 3d 622 (2008), and *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429 (2007). See *Marriage of Gutman*, 232 Ill. 2d at 154-55. We briefly note that, as in *Marriage of Gutman*, neither of these cases apply here. In both *Mortgage Electronic Systems* and *Rodriguez*, the parties sought on appeal to resolve issues contained in motions that had never been ruled on by the trial court. See *Mortgage Electronic Systems*, 379 Ill. App. 3d at 628; *Rodriguez*, 376 Ill. App. 3d at 432-33. Thus, the parties "abandoned" those issues because they had appealed motions without first exercising their responsibility to seek a ruling on them in the trial court. See *Mortgage Electronic Systems*, 379 Ill. App. 3d at 628; *Rodriguez*, 376 Ill. App. 3d at 432-33.

amounts to a "custody judgment" or "modification of custody" under the rule. We are not convinced, however, that the mere mention of removal in the text of the referenced statutes compels the interpretation of Rule 304(b)(6) that Keisha advances. Section 16, for example, clearly contemplates modifications of custody and modifications of removal as distinct actions, stating, "[t]he court has continuing jurisdiction to modify an order for support, custody, visitation, *or removal* included in a judgment entered under this Act." (Emphasis added.) 750 ILCS 45/16 (West 2012). Thus, where Rule 304(b)(6) refers to a "modification of custody entered pursuant to section 16," we do not find the term "custody" encompasses "removal" because the statute clearly treats them as separate claims.

¶ 23    Keisha nevertheless counters that removal is "inherently tied to custody since the decision whether or not to grant removal impacts the physical custody of the child." We do not dispute Keisha's characterization of removal as a "custody-related issue." Yet simply because removal is related to custody does not mean we should consider a removal order to be a custody judgment or modification of custody for the purposes of jurisdiction. See, *e.g.*, *In re Marriage of Bednar*, 146 Ill. App. 3d 704, 710-11 (1986) ("In our view, the possibility that removal of a child from the jurisdiction of this State to another may adversely affect the noncustodial parent's interaction with the child does not compel the conclusion that a removal petition is, as a matter of law, a petition for modification of custody."). Rather, we conclude that had the drafters–who we presume were aware of the relationship between custody and removal–intended to include removal judgments as part of Rule 304(b)(6), they would have included such language. See *In re Michelle J.*, 209 Ill. 2d 428, 437 (2004). Accordingly, we do not find jurisdiction is proper under Rule 304(b)(6).

¶ 24                                              CONCLUSION

¶ 25    For the foregoing reasons, the appeal is dismissed for lack of jurisdiction. All pending motions on appeal are likewise dismissed.

¶ 26    Dismissed.