# Illinois Official Reports

## Appellate Court

> ### *In re Parentage of Rogan M.*, 2014 IL App (1st) 141214

| | |
|---|---|
| Appellate Court Caption | *In re* PARENTAGE OF ROGAN M. (Keisha M., Petitioner-Appellant, v. John M., Respondent-Appellee). |
| District & No. | First District, Fifth Division<br>Docket No. 1-14-1214 |
| Filed | September 12, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of petitioner's request to remove the parties' child from Illinois to California based on a change in her employment was reversed on the ground that the trial court improperly applied the clear and convincing evidence standard, rather than the preponderance of the evidence standard, even though respondent argued that section 610 of the Marriage and Dissolution of Marriage Act, which assigns the clear and convincing evidence standard to custody modification cases, applied to petitioner's case, since the petition dealt with the removal of the child to California and the potential problems with respect to visitation, neither of which should be considered a modification of custody for purposes of section 610; therefore, the denial of the petition was reversed and the cause was remanded for application of the preponderance of the evidence standard. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-D-79237; the Hon. Ellen L. Flannigan, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Maricarol Lacy and Nicole M. Onorato, both of Rinella & Rinella, Ltd., of Chicago, for appellant. |
| | |
| | James M. Quigley and Matthew D. Elster, both of Beermann Pritikin Mirabelli Swerdlove LLP, of Chicago, for appellee. |
| | |
| | Lester L. Barclay, of Barclay Law Group, P.C., of Chicago, for child representative. |
| | |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion. Presiding Justice Palmer and Justice McBride concurred in the judgment and opinion. |

## OPINION

¶ 1      Petitioner Keisha M. appeals the judgment of the circuit court denying her petition to remove her minor child from Illinois to California. On appeal, Keisha argues: (1) the trial court applied the improper evidentiary standard; and (2) the trial court's finding that removal was not in the child's best interests was against the manifest weight of the evidence. For the following reasons, we reverse and remand.

¶ 2      BACKGROUND

¶ 3      The parties to this dispute, Keisha M. and John M., gave birth to their son, Rogan M., in 2006. After their relationship ended two years later, Keisha and John agreed via settlement to a basic parental arrangement; both parents continued an active relationship with Rogan. In 2011, however, Keisha filed a petition to remove Rogan from Illinois to California due to a change in her employment. On July 31, 2013, following a trial, the circuit court denied Keisha's removal petition in a memorandum opinion and order, citing that Keisha had not "sustained her burden of proving by clear and convincing evidence that removal to California is in the best interest of Rogan." Keisha now appeals that order.[1]

¶ 4      ANALYSIS

¶ 5      Keisha first argues the trial court erroneously applied the "clear and convincing" standard to the removal proceedings. In Illinois, "civil cases generally require the lesser 'preponderance' standard of proof." *In re D.T.*, 212 Ill. 2d 347, 362 (2004). Nevertheless, the

---

[1]We have presented only the limited facts and procedural history necessary for the disposition of this appeal. A more thorough discussion of the facts is detailed in our prior opinion dismissing this matter for lack of jurisdiction. See *In re Parentage of Rogan M.*, 2014 IL App (1st) 132765.

legislature may choose to impose a more exacting standard via statute. *In re Marriage of Wechselberger*, 115 Ill. App. 3d 779, 785-86 (1983). Absent a statutorily assigned evidentiary standard, the preponderance standard shall apply. See, *e.g.*, *In re Enis*, 121 Ill. 2d 124, 131-32 (1988). Application of the improper evidentiary standard amounts to reversible error. See *id.* at 134.

¶ 6    The parties in this case dispute whether the clear and convincing standard is required in removal proceedings under the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/101 *et seq.* (West 2012)). Section 609 of the Marriage Act specifically addresses the issue of removal and provides in relevant part:

> "The court may grant leave, before or after judgment, to any party having custody of any minor child or children to remove such child or children from Illinois whenever such approval is in the best interests of such child or children. The burden of proving that such removal is in the best interests of such child or children is on the party seeking the removal." 750 ILCS 5/609(a) (West 2012).

While section 609 identifies with whom the burden of proof rests, it does not set forth a quantum of proof for removal petitions. See *id.* Because the statute is silent as to this information, the preponderance of the evidence standard presumably would apply.

¶ 7    According to John, however, section 610 of the Marriage Act assigns the clear and convincing standard to removal petitions under section 609 by reference. Section 610 provides, in relevant part, "[t]he court shall not modify a prior custody judgment unless it finds by clear and convincing evidence *** that the modification is necessary to serve the best interest of the child." 750 ILCS 5/610(b) (West 2012). John asserts a removal petition amounts to a petition to modify custody and, therefore, the clear and convincing standard should apply.

¶ 8    This court has stated on several occasions that a removal petition is not a petition to modify custody under section 610 of the Marriage Act. *In re Parentage of Rogan M.*, 2014 IL App (1st) 132765, ¶ 23 ("[S]imply because removal is related to custody does not mean we should consider a removal order to be a *** modification of custody for the purposes of jurisdiction."); *In re Marriage of Bednar*, 146 Ill. App. 3d 704, 710 (1986) ("The fact that [respondent's] custodial rights will be affected by removal [citation], does not also mean that her rights will be modified as a matter of law pursuant to [section 610 of the Marriage Act]." (Emphasis omitted.)); *In re Marriage of Mueller*, 76 Ill. App. 3d 860, 862 (1979) ("[A]lthough [respondent] describes the order [at issue] as one relating to custody and visitation, the order on its face deals with removal and visitation and not at all with custody." (Internal quotation marks omitted.)). Accordingly, we find the trial court erred in applying the more stringent clear and convincing standard. We therefore need not address Keisha's remaining argument and reverse and remand for application of the preponderance of the evidence standard.

¶ 9                                                              CONCLUSION

¶ 10    For the foregoing reasons, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

¶ 11    Reversed and remanded.