**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190162-U

Order filed March 11, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| RYAN BARR, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Putnam County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | Appeal No. 3-19-0162 |
| MARQUIS ENERGY, LLC; MARQUIS | ) | Circuit No. 18-L-7 |
| MARINE, INC.; and MARQUIS | ) | |
| MANAGEMENT SERVICES, INC., | ) | |
| | ) | The Honorable |
| Defendants-Appellees. | ) | James A. Mack, |
| | ) | Judge, presiding. |

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Lytton and Justice Wright concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The plaintiff's appeal is dismissed for lack of jurisdiction.

¶ 2     The plaintiff, Ryan Barr, sued the defendants, Marquis Energy, LLC, *et al.*, alleging a violation of the Employee Sick Leave Act (820 ILCS 191/1 *et seq.* (West 2018).  The defendants filed a motion to dismiss, which the circuit court granted without prejudice.  On appeal, Barr alleges the court's decision was erroneous.  We dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

In December 2018, Barr filed this civil action after he was fired from his employment with the defendants. Among other things, Barr alleged that the defendants fired him for using his personal sick leave benefits for his own illness. The complaint alleged retaliation in violation of the Employee Sick Leave Act.

The defendants filed a motion to dismiss pursuant to section 2-615(a) of the Code of Civil Procedure (735 ILCS 5/2-615(a) (West 2018), alleging that the Employee Sick Leave Act protected an individual who used personal sick leave benefits for certain family members of the individual, but not the individual himself or herself. The circuit court agreed with the defendants and dismissed Barr's complaint. The court's order specifically stated that the dismissal was granted without prejudice and that Barr had 30 days to replead. Rather than doing so, Barr appealed.

## II. ANALYSIS

On appeal, Barr argues that the circuit court erred when it ruled that the Employee Sick Leave Act protected only an individual's use of sick leave for the illnesses of others.

Barr claims that jurisdiction over this appeal lies in Supreme Court Rules 301 and 303. He alleges that the circuit court's order was final and appealable because it ruled on the legal sufficiency of the complaint, as opposed to a technical or factual deficiency. The defendants argue that jurisdiction is lacking in this appeal because the court's order was not final and appealable, as it was dismissed without prejudice.

Rule 301 provides that final judgments of the circuit court are appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Rule 303(a) provides the time limit within which a notice of appeal must be filed. Ill. S. Ct. R. 303(a) (eff. July 1, 2017).

2

¶ 10     It is well settled that an order of the circuit court that dismisses an action without prejudice "clearly manifests the intent of the court that the order not be considered final and appealable." *Flores v. Fugan*, 91 Ill. 2d 108, 114 (1982). Further, "[a] dismissal order that grants leave to amend is interlocutory and not final." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 25. This is because such an order does not terminate the litigation between the parties. *Id.*

¶ 11     In support of his jurisdiction claim, Barr cites to *Schuster Equipment Co. v. Design Electric Services, Inc.*, 197 Ill. App. 3d 566 (1990) and states, "In *Schuster*, the First District held a ruling on a Motion to Dismiss was final and appealable even though the claim was not specifically dismissed with prejudice when the order was on the legal sufficiency of the claim and the substance of the Order made it final and appealable." Barr's interpretation of *Schuster* is misguided.

¶ 12     In *Schuster*, the circuit court dismissed a complaint but did not state in its order whether the dismissal was with prejudice or whether the plaintiff was given leave to amend. *Id.* at 568. *Schuster* thus dealt with a situation quite unlike the one in this case, as the court's order here stated both that the dismissal was without prejudice and that the plaintiff was given leave to amend. Cases like *Schuster* address situations in which such specificity is lacking in a circuit court's order.

¶ 13     The court's order in this case was not final and appealable. See *Flores*, 91 Ill. 2d at 114; *Richter*, 2016 IL 119518, ¶ 25. Accordingly, we lack jurisdiction to hear the appeal.

¶ 14                                         III.  CONCLUSION

¶ 15     For the foregoing reasons, we dismiss the plaintiff's appeal for lack of jurisdiction.

¶ 16     Appeal dismissed.

3