2020 IL App (1st) 191416-U

FIFTH DIVISION
Order filed: August 28, 2020

No. 1-19-1416

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CIT BANK, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| UNKNOWN HEIRS AND LEGATEES OF JOHN PINO, | ) | |
| a/k/a John I. Pino; DOLORES C. PINO; UNITED SATES | ) | |
| OF AMERICA-THE SECRETARY OF HOUSING AND | ) | |
| URBAN DEVELOPMENT; UNKNOWN OWNERS | ) | |
| AND NONRECORD CLAIMANTS; WILLIAM | ) | |
| BUTCHER, as Personal Representative for John Pino, | ) | |
| a/k/a John I. Pino (Deceased); CHICAGO TITLE LAND | ) | |
| TRUST COMPANY, Successor Trustee to the Chicago | ) | |
| Trust Company, Successor Trustee to LaSalle Bank | ) | Nos. 10 CH 14136 & 18 CH |
| National Association, Successor Trustee to Exchange | ) | 14353 |
| National Bank of Chicago, as Trustee Under Trust | ) | |
| Agreement Dated 03/19/1976, a/k/a Trust No. 10-31080; | ) | |
| UNKNOWN BENEFICIARIES OF CHICAGO TITLE | ) | |
| LAND TRUST COMPANY, as Successor Trustee to the | ) | |
| Chicago Trust Company, Successor Trustee to LaSalle | ) | |
| Bank, N.A., Successor Trustee to Exchange National | ) | |
| Bank of Chicago, Under Trust Agreement Dated | ) | |
| 3/19/1976, a/k/a Trust No. 10-31080, | ) | |
| | ) | |
| Defendants | ) | |

No. 1-19-1416

CHICAGO TITLE LAND TRUST CO., as Trustee for )
Trust No. 10-31080, )
     )
     Petitioner-Appellant, )
     )
v. )
     )
CIT BANK, N.A., ) Honorable
     ) Moshe Jacobius,
     Respondent-Appellee. ) Judge, presiding.

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss the petitioner's appeal for want of jurisdiction.

¶ 2    The petitioner, Chicago Title Land Trust Co., as trustee for trust no. 10-31080 (the trust), appeals from the following orders of the circuit court of Cook County: (1) an order granting a motion by the respondent, CIT Bank, N.A. (the bank), to consolidate case no. 18 CH 14353 with case no. 10 CH 46136; and (2) an order denying the trust's motion to stay the consolidation and prohibit the bank from filing motions. For the reasons that follow, we dismiss the trust's appeal for lack of jurisdiction.

¶ 3    The following facts and procedural history relevant to this appeal were derived from the pleadings and exhibits of record.

¶ 4    This appeal has its origins in a foreclosure action filed nearly a decade ago. On October 22, 2010, the bank filed a complaint against the trust to foreclose the mortgage on the property

located at 7200 Wilson Terrace, Morton Grove, Illinois (the property) (case no. 10 CH 46136).[1] On July 23, 2014, the trust filed its answer to the foreclosure complaint, and it did not raise lack of standing as an affirmative defense.

¶ 5      On November 3, 2015, the bank filed a motion for summary judgment. The trust opposed the motion, arguing that the bank did not have standing to bring the foreclosure action because it was not the owner of the promissory note. On July 5, 2016, the court entered an order granting summary judgment in favor of the bank in the foreclosure action. On August 4, 2016, the trust moved to reconsider, asserting that it had newly discovered evidence in support of its argument that the bank lacked standing. The court denied that motion on October 18, 2016.

¶ 6      On May 19, 2017, the court entered an order approving the report of sale and distribution, confirming the sale, and for possession. On June 19, 2017, the trust filed a motion pursuant to section 2-1203(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1203(a) (West 2016)) to vacate the court's grant of summary judgment in favor of the bank and its May 19, 2017 order, arguing that it was denied due process because it was prevented from challenging the bank's standing. On July 7, 2017, the court denied the trust's motion to vacate.

¶ 7      On January 2, 2018, the trust filed a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)) (the first petition), arguing that the bank did not have standing to bring the foreclosure action, and therefore, the judgements entered against it were void for lack of jurisdiction. The trust also reiterated its contention that it was

---

[1] There were several named plaintiffs throughout case no. 10 CH 46136. The original plaintiff in the case was Financial Freedom Acquisition, LLC (Financial Freedom). Subsequently, Financial Freedom transferred its servicing rights to OneWest Bank, N.A., which was substituted as the plaintiff. OneWest Bank, N.A. later legally changed its name to CIT Bank, N.A. For clarity, we refer to the plaintiff from the foreclosure action as the bank.

denied due process. On May 3, 2018, the bank filed a motion to strike the first petition, which the court granted on November 27, 2018.

¶ 8    On November 16, 2018, the trust filed a second petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)) (the second petition) in a new action (case no. 18 CH 14353). The contents of the trust's second petition are virtually identical to its first petition, arguing again that the bank's lack of standing deprived the court of jurisdiction.

¶ 9    On February 8, 2019, the bank filed a motion pursuant to section 2-1006 of the Code (735 ILCS 5/2-1006 (West 2018)) to consolidate case no. 18 CH 14353 into case no. 10 CH 46136, arguing that "[b]oth actions involve the same property and depend entirely on the same evidence and set of facts" and that the trust was engaged in forum shopping. On March 27, 2019, the trust filed its objections to the bank's motion to consolidate, arguing that: (1) the motion was untimely; (2) the foreclosure case was closed and thus no longer "pending;" and (3) the two cases do not share the same evidence because the court in the foreclosure action refused to consider the trust's newly discovered evidence when rejecting its motion to reconsider.

¶ 10    On June 5, 2019, the circuit court granted the bank's motion to consolidate case no. 18 CH 14353 into case no. 10 CH 46136. In announcing its decision, the court agreed with the bank that the trust's second petition was a challenge to the bank's standing, not a challenge to the court's jurisdiction. The court also concluded that, pursuant to section 2-1401(b) of the Code (735 ILCS 5/2-1401(b) (West 2018)), the trust was required to file its petition "in the same proceeding in which the order or judgment was entered." The court went on to note that the trust's second petition was "almost a verbatim version of [its] first petition," which the

foreclosure court had already considered and rejected. The court stated that there was "no question" the trust was engaged in forum shopping.

¶ 11    On June 24, 2019, the trust filed an emergency motion to stay the consolidation until July 5, 2019, and "prohibit [the bank] from going forward with all motions *** pending elapse of the appeal period," arguing that it needed time to research an appeal of the court's consolidation order. The next day, on June 25, 2019, the circuit court denied the trust's emergency motion to stay. In announcing its decision, the court noted its belief that its June 5, 2019 consolidation order is not a final and appealable order, which rendered the trust's basis for seeking to stay the consolidation moot. The trust filed a notice of appeal, stating that it was appealing the circuit court orders of June 5, 2019, and June 25, 2019.

¶ 12    As a threshold matter, we must first address the bank's motion to dismiss the trust's appeal for lack of jurisdiction, which was filed on August 7, 2019, and taken with the case. Subject to exceptions created by statute or set forth in the Illinois Supreme Court Rules, the jurisdiction of the appellate court is limited to reviewing appeals from final judgments. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). The Illinois Constitution grants our supreme court the exclusive and final authority to prescribe the scope of interlocutory appeals. *People v. Holmes*, 235 Ill. 2d 59, 66 (2009). Thus, "[i]f a supreme court rule does not grant the right to appeal from a nonfinal judgement, then there is no right to an interlocutory appeal and the appellate court does not have jurisdiction to hear that appeal." *Mund v. Brown*, 393 Ill. App. 3d 944, 997 (2009).

¶ 13    The trust first argues that we have jurisdiction to review the court's June 5, 2019 consolidation order. We disagree. The consolidation order at issue here is not a final order, as it

did not fix "absolutely and finally the rights of the parties in the lawsuit [and] determine[] the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *In re Rogan M.*, 2014 IL App (1st) 132765, ¶ 9. Nor is a consolidation order one of the interlocutory orders that are considered appealable under supreme court rules. See, e.g., Ill. S. Ct. Rule 307 (eff. Nov. 1, 2017).

¶ 14    The trust nevertheless contends that we have jurisdiction to review the court's June 5, 2019 order pursuant to Rule 304(b)(3), which states that we have jurisdiction to review "[a] judgment or order granting or denying any of the relief prayed in a petition under section 2-1401" of the Code. Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016). The trust's argument is without merit, as the court's June 5, 2019 order is not an order denying its second petition, it is a consolidation order.

¶ 15    In essence, the gravamen of the trust's argument in favor of jurisdiction is that, by consolidating the two cases, the circuit court is forcing it to present its claims in front of a judge that has already rejected its contentions and, if given the chance, would almost certainly do so again. In other words, the trust is seeking a more favorable ear to hear its claims. But the trust cannot escape the fact that the court's June 5, 2019 order did nothing more than grant the bank's motion to consolidate, and such an order is not appealable. Accordingly, we do not have jurisdiction to review the trust's challenge to the circuit court's June 5, 2019 order.

¶ 16    The trust next argues that we have jurisdiction to review the court's June 25, 2019 order denying its request for a stay. A denial of a motion to stay is not a final order; however, the trust argues that we have jurisdiction to review it as an interlocutory appeal pursuant to Rule 307(a)(1), which allows for an appeal of an order "granting, modifying, refusing, dissolving, or

refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). According to the trust, the court's denial of its motion to stay was a denial of a preliminary injunction. The bank responds that, "[w]hen it involves purely ministerial or administrative functions of the court, an order denying a stay will not be treated as a preliminary injunction and will not be immediately appealable."

¶ 17    To determine what constitutes an appealable order pursuant to Rule 307(a)(1), courts look to the substance of the action and not the form. *In re A Minor*, 127 Ill. 2d 247, 260 (1989). Illinois courts have generally found that a "stay" order is synonymous with an injunction. See *Allianz Ins. Co. v. Guidant Corp.*, 355 Ill. App. 3d 721, 729 (2005). Similarly, the denial of a motion to stay is often treated as the denial of a request for a preliminary injunction. *Hastings Mutual Insurance Co. v. Ultimate Backyard, LLC,* 2012 IL App (1st) 101751, ¶ 28. That said, orders that are properly characterized as "ministerial" or "administrative" cannot be the subject of an interlocutory appeal because they regulate only the procedural details of the litigation before the court. See *Allianz*, 355 Ill. App. 3d at 729 (citing *In re A Minor,* 127 Ill. 2d at 262).

¶ 18    Here, the circuit court's June 25, 2019 order denying the trust's motion to stay was within the realm of its authority to control its docket and did not impact the adjudication of the underlying factual and legal issues. In other words, the order regulated only procedural details of the litigation before the court. As such, it was an administrative order and does not come within the realm of injunctive relief. See *Allianz*, 355 Ill. App. 3d at 729. Accordingly, we conclude that we do not have jurisdiction to review the circuit court's June 25, 2019 order denying the trust's motion for a stay under Rule 307(a)(1).

¶ 19    For the foregoing reasons, we dismiss the trust's appeal for lack of jurisdiction.

¶ 20    Dismissed.