2022 IL App (1st) 220180-U

FOURTH DIVISION
Order filed: September 29, 2022

No. 1-22-0180

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CIT BANK, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| UNKNOWN HEIRS AND LEGATEES OF JOHN | ) | |
| PINO, a/k/a John I. Pino; DOLORES C. PINO; | ) | |
| UNITED SATES OF AMERICA-THE | ) | |
| SECRETARY OF HOUSING AND URBAN | ) | |
| DEVELOPMENT; UNKNOWN OWNERS AND | ) | |
| NONRECORD CLAIMANTS; WILLIAM | ) | |
| BUTCHER, as Personal Representative for John | ) | |
| Pino, a/k/a John I. Pino (Deceased); CHICAGO | ) | |
| TITLE LAND TRUST COMPANY, Successor | ) | |
| Trustee to the Chicago Trust Company, Successor | ) | |
| Trustee to LaSalle Bank National Association, | ) | |
| Successor Trustee to Exchange National Bank of | ) | |
| Chicago, as Trustee Under Trust Agreement Dated | ) | |
| 03/19/1976, a/k/a Trust No. 10-31080; UNKNOWN | ) | |
| BENEFICIARIES OF CHICAGO TITLE LAND | ) | Nos. 10 CH 14136 & |
| TRUST COMPANY, as Successor Trustee to the | ) | 18 CH14353 |
| Chicago Trust Company, Successor Trustee to | ) | |
| LaSalle Bank, N.A., Successor Trustee to Exchange | ) | |
| | ) | |

No. 1-22-0180

National Bank of Chicago, Under Trust Agreement )
Dated 3/19/1976, a/k/a Trust No. 10-31080, )
 )
 Defendants )
_____ )
 )
CHICAGO TITLE LAND TRUST COMPANY, as )
Trustee for Trust No. 10-31080, and DOLORES PINO, )
 )
 Petitioners, )
 )
v. )
 )
CIT BANK, N.A., )
 )
 Respondent-Appellee ) Honorable
 ) Freddrenna M. Lyle,
(Dolores Pino, Petitioner-Appellant). ) Judge, presiding.

_____

 JUSTICE HOFFMAN delivered the judgment of the court.
 Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1 *Held*: Section 2-1401 petition challenging a foreclosure judgment was barred by section 15-1509(c) because the petition was filed after the circuit court's confirmation of the foreclosure sale.

¶ 2 In this latest chapter in a mortgage foreclosure action that has been pending since 2010, Dolores Pino appeals a final order dismissing her petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). Because the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2018)) bars the filing of such a petition after the confirmation of a foreclosure sale, we affirm the circuit court's order.

¶ 3     We recounted the facts of this case in detail when the action last came to this court in 2020. See *CIT Bank, N.A. v. Pino*, 2020 IL App (1st) 191416-U. Accordingly, we confine our discussion of the facts here to the relatively limited issue that is presented in this appeal.

¶ 4     In 2010, a predecessor in interest to CIT Bank, N.A. (CIT and predecessors collectively referred to as "the Bank"), filed a complaint against, among others, Dolores Pino and the Chicago Title Land Trust Company, as Trustee for Trust No. 10-31080 (the Trust), seeking to foreclose on a property in Morton Grove, Illinois. Pino actively defended against the action, representing herself *pro se* and also representing the Trust as its attorney. In July 2016, the circuit court granted summary judgment in favor of the Bank and ordered that the property be sold. On May 19, 2017, following a judicial sale, the court entered an order approving a report of sale and distribution, confirming the sale of the property, and for possession. The Trust filed a motion to vacate the order granting summary judgment and the May 19 order confirming the sale, arguing that the Bank lacked standing and that the Trust had been denied due process because the Bank had not sufficiently proven its ownership of the note at issue. The circuit court rejected the Trust's arguments and denied the motion to vacate.

¶ 5     In January 2018, the Trust filed a petition for relief from judgment pursuant to section 2-1401 of the Code, again contesting the Bank's standing and asserting that, as a result, the judgment was void for lack of personal jurisdiction. The Bank moved to strike the petition on the grounds that it was barred by section 15-1509(c), alleging that the Trust, as a party to a foreclosure, was barred from raising any claims for relief after the confirmation of a judicial sale. The court agreed with the Bank and granted its motion. The Trust then filed a virtually identical second petition for relief from judgment, this time as a new action separate from the foreclosure proceeding. The Bank

moved to consolidate the petition with the foreclosure action, and the circuit court, recognizing what it saw as forum shopping on the part of the Trust, granted the motion. The Trust filed an appeal of that decision, which this court dismissed for lack of jurisdiction. See *Pino*, 2020 IL App (1st) 191416-U, ¶ 15.

¶ 6 The Trust then sought and was granted leave to amend its second section 2-1401 petition. Just as it did in response to the Trust's first petition, the Bank moved to dismiss this amended second petition on the grounds that it was barred by section 15-1509(c). The Trust and Pino then filed a second amended second petition, again arguing that the foreclosure judgment was void for lack of personal jurisdiction over the Bank. The Bank again filed a motion to strike the petition, which the circuit court granted, concluding that the petition was barred by section 15-1509(c). Pino, individually, now appeals that decision.

¶ 7 Pino's second amendment of her second section 2-1401 petition sought to have the foreclosure judgment set aside based on a specious argument that the judgment was void because the circuit court lacked personal jurisdiction over the Bank, despite the Bank having been the party that initiated the action (see *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18 ("Personal jurisdiction may be established *** by a party's voluntary submission to the court's jurisdiction.")), and that the Bank allegedly used a fraudulent endorsement to establish its standing to foreclose. While it is true that a section 2-1401 petition challenging an allegedly void judgment may generally be filed at any time (see *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002)), the circuit court in this case correctly recognized that Pino's second amendment to her second petition was nonetheless barred by section 15-1509(c).

¶ 8    Section 15-1509 of the Foreclosure Law sets forth the procedures to be followed after a foreclosure sale. Notably, subsection (c) states unequivocally that, after a court's confirmation of a foreclosure sale, the vesting of title in the purchaser "shall be an entire bar of *** all claims of parties to the foreclosure." *Id.* Our court has held that, following the confirmation of a foreclosure sale, section 15-1509(c)'s "clear and unambiguous" language bars even a petition filed under section 2-1401. See *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 30 ("There is simply no Illinois authority to support the defendant's argument that she can utilize section 2-1401 to circumvent section 15-1509(a) or section 15-1509(c) of the Foreclosure Law after the circuit court confirmed the sale of the property."); see also *Harris Bank, N.A. v. Harris*, 2015 IL App (1st) 133017, ¶ 48 (holding that section 15-1509(c) bars a section 2-1401 petition filed after the confirmation of a foreclosure sale). Section 15-1509(c), therefore, appears to act as a total bar to Pino's section 2-1401 petition.

¶ 9    On the other hand, our court has also observed that section 15-1509(c) does not necessarily bar a section 2-1401 petition asserting an interest in the proceeds of a foreclosure sale or challenging a judgment that was entered without subject-matter jurisdiction or personal jurisdiction over the aggrieved party. See *Adler v. Bayview Loan Servicing, LLC*, 2020 IL App (2d) 191019, ¶ 25. However, this case does not concern any of those situations. Instead, Pino's petition challenged the merits of the foreclosure judgment itself and raised a baseless argument that the court lacked personal jurisdiction over the Bank, despite it having filed the action; the petition did not challenge the court's personal jurisdiction over Pino. Accordingly, it does not appear that any exception to section 15-1509(c)'s bar to section 2-1401 petitions applies in this case.

¶ 10     In her appellate brief, Pino does not raise any argument contesting this section 15-1509(c) issue and instead focuses solely on the merits of her section 2-1401 petition. Consequently, in light of section 15-1509(c)'s clear and unambiguous language providing that the vesting of title in this case acts as "an entire bar" of "all claims" that Pino, a party to the foreclosure, might have, and given Pino's failure to raise any argument challenging that conclusion and the inapplicability of any exception to section 15-1509(c)'s bar of post-confirmation claims, we affirm the circuit court's dismissal of Pino's section 2-1401 petition.

¶ 11     Affirmed.